UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**
2004 MAR 24  A 10: 37
U.S. DISTRICT COURT
BRIDGEPORT CONN

---------------------------------------------------------- X
MITCHELL CAMPBELL,                          :
                                            :      DOCKET NO. 3:03CV0246(SRU)
            Plaintiff,                      :
                                            :
v.                                          :
                                            :
MAIN ENTERPRISES, INC.,                     :
                                            :      MARCH 24, 2004
            Defendant.                      :
---------------------------------------------------------- X

## JOINT PRE-TRIAL MEMORANDUM

Pursuant to the Pre-Trial Order entered by the Court on December 15, 2003, and in accordance with D. Conn. L. Civ. R. 6, plaintiff Mitchell Campbell ("plaintiff") and defendant Main Enterprises, Inc. ("defendant" or "Main Enterprises") submit this Joint Pre-Trial Memorandum.

1.   **TRIAL COUNSEL:**

     For plaintiff:                                  For defendant:

     John W. Cannavino (ct 06051)                    Lawrence Peikes (ct 07913)
     Robert J. Sickinger (ct 18425)                  Wiggin and Dana LLP
     Cummings & Lockwood LLC                         400 Atlantic Street
     107 Elm Street                                  P.O. Box 110325
     P.O. Box 120                                    Stamford, CT 06911-0325
     Stamford, CT 06904                              (203) 363-7600
     (203) 351-4182                                  (203) 363-7676 (fax)
     (203) 351-4534 (fax)

2.   **JURISDICTION:**

     Plaintiff's claims arise under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301, et seq. The Court therefore has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b).

3. **JURY/NON-JURY:**

Plaintiff has made a demand for trial by jury.

4. **LENGTH OF TRIAL:**

The parties anticipate it will require three (3) to five (5) days to conduct a trial in this matter.

5. **FURTHER PROCEEDINGS:**

Other than a charge conference and oral argument as to motions in limine, the parties do not anticipate the need for any further proceedings prior to trial.

6. **NATURE OF CASE:**

   A. **Plaintiff's Causes of Action**

   The First Count of Plaintiff's Complaint seeks statutory damages pursuant to 38 U.S.C. 4323(d)(B) and 38 U.S.C. § 4323(h)(2), including compensatory damages, attorneys fees, and costs, for Defendant's termination of Plaintiff's employment because of his need to take time off from work in order to fulfill military obligations as a member of the United States Naval Reserve, in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*

   B. **Defendant's Affirmative Defenses**

   1. <u>Mixed Motive</u>: Although defendant denies that plaintiff's reserve status was a substantial or motivating factor in the decision to terminate his employment, should the jury find otherwise defendant intends to prove it would have made the same decision on the basis of legitimate business considerations without regard to plaintiff's status as a reservist. In particular, it is defendant's position that plaintiff's employment was terminated on the basis of performance deficiencies, misconduct, unreliability, and contravention of company policy and practices.

2.  <u>Mitigation of Damages</u>: Defendant alleges that plaintiff did not make reasonable efforts to secure suitable employment following the termination of his employment, and again after his release from active military duty and, therefore, has failed to mitigate his alleged damages. Plaintiff was aware of the requirement that he be licensed as a sheet metal mechanic in order to be eligible for employment in such a capacity yet he failed to apply for a license even though he was qualified for licensure. In addition, despite having a computer at home and access to the internet, plaintiff failed to explore any job search web sites. As a result, should plaintiff prove a violation of USERRA he is not entitled to recover damages.

7.  **STATEMENT OF THE CASE:**

Plaintiff Mitchell Campbell brought this action against his former employer, Main Enterprises, Inc., a heating and air conditioning contractor, alleging violations of his rights under a federal law known as the Uniformed Services Employment and Reemployment Rights Act, or USERRA. Mr. Campbell was employed by Main Enterprises as a sheet metal mechanic. It is Mr. Campbell's contention that Main Enterprises terminated his employment in August 2001 because his obligations as a member of the United States Naval Reserve. Main Enterprises denies Mr. Campbell's allegations and states that the decision to terminate Mr. Campbell's employment was not based on his reserve status but instead was due to misconduct and poor performance.

8.  **TRIAL BY A MAGISTRATE JUDGE:**

The parties have not stipulated to have the matter tried before a Magistrate Judge.

9.  **LIST OF WITNESSES:**

    <u>Plaintiff</u>

    (a) Plaintiff expects to call the following witnesses

    **Mitchell Campbell:** 930 Unquowa Road, Fairfield, CT.

3

The Plaintiff anticipates that he will testify about the circumstances surrounding the termination of his employment, his military obligations, work performance and the damages he has sustained. :

**Kenneth Oppedisano:** c/o Main Enterprises, Inc., 350 Long Beach Boulevard, Stratford, CT 06615. Mr. Oppedisano is the president of the Defendant. It is anticipated that he will testify regarding the circumstances surrounding the termination of the Plaintiff's employment, his work history and performance.

**James Hunter:** c/o Main Enterprises, Inc., 350 Long Beach Boulevard, Stratford, CT 06615. Mr. Hunter was an employee of the Defendant at the time of Plaintiff's termination of employment. It is anticipated that he will testify regarding Plaintiff's employment with the Defendant and the circumstances surrounding Plaintiff's termination.

**Eric Guggenheim:** c/o Main Enterprises, Inc., 350 Long Beach Boulevard, Stratford, CT 06615. Mr. Guggenheim is the son of Plaintiff's supervisor and an employee of the Defendant. It is anticipated that he will testify regarding the Plaintiff's employment with the Defendant and the circumstances surrounding the Plaintiff's termination.

**Richard Guggenheim:** c/o Main Enterprises, Inc., 350 Long Beach Boulevard, Stratford, CT 06615. Mr. Guggenheim is an employee of the Defendant and was the Plaintiff's immediate supervisor at the time of Plaintiff's termination. It is anticipated that he will testify regarding the Plaintiff's employment with the Defendant and the circumstances surrounding the Plaintiff's termination.

**Susanne Ianello:** c/o Main Enterprises, Inc., 350 Long Beach Boulevard, Stratford, CT 06615. Ms. Ianello was the Defendant's office manager at the time of the termination of Plaintiff's employment. It is anticipated that Ms. Ianello will testify regarding the Plaintiff's employment with the Defendant and the circumstances surrounding the termination of Plaintiff's employment.

**Robert Cann:** present address unknown.
Mr. Cann was an employee of the Defendant and served as Plaintiff's supervisor for approximately eight years. It is anticipated that he will testify about the Plaintiff's employment with the Defendant and the circumstances surrounding the Plaintiff's termination.

(b) Plaintiff may call the following witnesses if the need arises

**Record Keeper,** Main Enterprises, 350 Long Beach Boulevard, Stratford, CT 06615. The Plaintiff may call the Defendant's record keeper to authenticate records, if necessary.

**Record Keepers.** The Plaintiff may call various record keepers relating to his exhibits for authentication purposes, if necessary.

Defendant

(a) Main Enterprises expects to call the following witnesses at trial:

1. Ken Oppedisano, Main Enterprises, Inc., 350 Long Beach Boulevard, Stratford, CT 06615 – Mr. Oppedisano is the President of Main Enterprises, and will testify as to the events and circumstances that culminated in the termination decision at issue, as well as other pertinent events occurring during the period of plaintiff's employment, defendant's treatment of plaintiff, the company's handling of employee requests for leave, including reserve leave, and the company's disciplinary practices. Mr. Oppedisano will also testify concerning Connecticut's licensing requirements for sheet metal mechanics.

2. Susanne Ianniello, 111B Fiddler Green, Stratford, CT 06614 – Ms. Ianello will testify to conversations and events that transpired in connection with plaintiff's termination, as well as defendant's treatment of plaintiff and the company's handling of his requests for reserve leave.

3. Ernie Prezioso, 1 Campbell Avenue, Suite 121, West Haven, CT 06516 – Mr. Prezioso will testify to plaintiff's job performance, absences from the work site, and other matters that factored into the decision to terminate plaintiff's employment, as well as defendant's treatment of plaintiff and the company's handling of his requests for reserve leave.

4. Jim Hunter, c/o Main Enterprises, Inc., 350 Long Beach Boulevard, Stratford, CT 06615 – Mr. Hunter will testify about plaintiff's abandonment of the work site, his consumption of alcohol during working hours, and other transgressions that factored into defendant's decision to terminate plaintiff's employment.

(b) Main Enterprises may call the following witnesses at trial if the need arises:

1. Mitchell Campbell, 930 Unquowa Road, Fairfield, CT 06430 – Defendant may call Mr. Campbell to testify as to his conduct and performance as an employee of Main Enterprises.

2. Patrick Rouse, 68 Meadowside Road, Milford, CT 06460 – If called, Mr. Rouse will testify to incidents of job abandonment on plaintiff's part, the quality of plaintiff's workmanship, as well as plaintiff's performance, attitude and reliability, and other pertinent events relating to plaintiff's employment.

3. Richard Guggenheim, c/o Main Enterprises, Inc., 350 Long Beach Boulevard, Stratford, CT 06615 – If called, Mr. Guggenheim will testify about plaintiff's misappropriation of company property, taking of goods from a nearby facility, as well as plaintiff's performance, attitude and reliability.

4. Robert Cann, 147 Bungay Road, Seymour, CT 06483 – If called, Mr. Cann will testify about incidents of job abandonment on plaintiff's part, plaintiff's consumption of alcohol during working hours, and the quality of plaintiff's workmanship.

5. Leonard Penna, 61 Country Walk, Shelton, CT 06484 – If called, Mr. Penna will testify about incidents of job abandonment on plaintiff's part, plaintiff's consumption of alcohol during working hours, and the quality of plaintiff's workmanship.

10. **DEPOSITION TESTIMONY**:

Neither party expects to have any witnesses testify by deposition at trial.

11. **EXHIBITS**:

(a)  Plaintiff expects to introduce the following exhibits at trial:

    (1)  Plaintiff's Employment Application dated 9/25/95 (MC 000023-24)

    (2)  Plaintiff's Personnel Record (MC 000119-20)

    (3)  Request For Reference dated 8/3/98 (MC 000122-123; ME 00015-16)

    (4)  Request and Approval Vacation/Personal Form dated 2/07/01 and note (MC 000165)

    (5)  Orders from Department of Navy dated 6/27/01 (MC 000167)

    (6)  Plaintiff's Request and Approval Vacation/Personal Form dated 8/8/01 (MC 000066)

    (7)  Unemployment Notice dated 8/23/01 (MC 0000170-171)

    (8)  Mobilization Order dated 11/28/01 (MC 000143-149)

    (9)  Employer Reference Copy of 2000 Form W-2 of Plaintiff (MC 00009)

    (10)  Plaintiff's 1995 Form W-2 and Earnings Summary (MC 000015)

    (11)  Plaintiff's 1997 Form W-2 Wage and Tax Statement (MC 000016)

    (12)  Plaintiff's 1998 Form W-2 Wage and Tax Statement (MC 000017)

    (13)  Main Enterprises Company Policy Summary (MC 000002-00005)

    (14)  Plaintiff's 1999 Form W-2 Wage and Tax Statement (MC 000018)

(15) Termination letter of health benefits dated 01/30/02 (MC 000131-133)

(16) Plaintiff's Application for Trade License (MC 000134-137)

(17) Various Plaintiff's Records re: Defense Finance and Accounting Service Military Leave and Earnings Statement (MC 000158-161)

(18) Plaintiff's 2001 W-2 and Earnings Summary (MC 000163-64)

(19) Payroll Register Stubs of Plaintiff (ME 00056-00247)

(b) The Plaintiff may offer at trial the following exhibits if necessary:

(1) Previous Plaintiff Requests and Approval For Vacation For Reserve Duty 08/29/00 and 05/24/99 (ME 000248-249)

(2) Evidence of attorney's fees and costs.

<u>Defendant</u>

(a) Main Enterprises expects to offer the following exhibits at trial:

Exh. A: Main Enterprises' Company Policy Summary (Bates Nos. ME-0008-11)

Exh. B: Document evidencing receipt of Company Policy Summary, signed by Mitchell Campbell (Bates No. ME-00033)

Exh. C: March 20, 2000 letter from Ernie Prezioso to Dr. Sbriglio (Bates No. ME-00012)

Exh. D: Mitchell Campbell's approved request for leave for Naval Reserves dated May 24, 1999 (Bates No. ME-000248)

Exh. E: Mitchell Campbell's approved request for leave for Naval Reserves dated August 29, 2000 (Bates No. ME-000249)

Exh. F: Mitchell Campbell's approved request for leave for Naval Reserves dated August 8, 2001 (Bates No. ME-000251)

Exh. G: Documents ordering Mitchell Campbell to report for Naval Reserves training on August 27, 2001, dated June 27, 2001 (Bates Nos. ME-000252-54)

Exh. H: Mitchell Campbell's vacation request for Western Caribbean Cruise, "Not approved if he is also taking 2 weeks for the reserves" (Bates No. ME-000255)

Exh. I: Mitchell Campbell's approved request for vacation dated February 22, 2001 (Bates No. MC000125)

Exh. J: Mitchell Campbell's approved request for vacation dated May 29, 2000 (Bates No. ME-000257)

Exh. K: Mitchell Campbell's approved request for vacation dated January 8, 1999 (Bates No. ME-000258)

Exh. L: Employee's Personnel Record for Mitchell Campbell (Bates Nos. ME-0001-2)

Exh. M: Payroll Records (Bates Nos. 000147-247)

Exh. N: 2001 W-2 issued by Main Enterprises, Inc. for Mitchell Campbell (MC000164)

Exh. O: Vincenzo Mirci's approved request for leave for Army National Guard dated April 23, 2002 (Bates No. ME-000292)

Exh. P: Memorandum for Mirci, Vincenzo from Department of the Army re: Military Active Duty Training (Bates No. ME-00293)

Exh. Q: Mitchell Campbell's signed and undated Application for Trade License (Bates Nos. MC000134-35)

Exh. R: List of Resumes sent mailed and faxed by Mitchell Campbell after January 2003

Exh. S: Official Recall to Active Duty Order for Mitchell Campbell, dated November 28, 2001 (ME-000143-49)

Exh. T: Timeline of significant events (demonstrative exhibit)

(b) Main Enterprises may offer the following exhibits at trial if the need arises:

Exh. U: Request for Reference (ME-00015-16)

Exh. V: Form UC-61, dated August 23, 2001 (MC000068)

Exh. W: Evaluation Report & Counseling Record, dated December 12, 2001 (MC000150-51)

## 12. ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE:

Anticipated evidentiary problems are discussed in the accompanying motions in limine and supporting memoranda of law.

## 13. STIPULATIONS OF FACT AND LAW:

The parties stipulate that the following facts are accepted as true:

1. Main Enterprises hired Mitchell Campbell on December 11, 1995.

2. Mitchell Campbell joined the United States Naval Reserves on September 23, 1998.

3. Mitchell Campbell received military orders dated June 27, 2001 requiring him to report for his annual reserve training on August 27, 2001.

4. Main Enterprises terminated Mitchell Campbell's employment effective August 23, 2001.

5. In January 2002, Mitchell Campbell was involuntarily recalled to active duty in the United States Navy. He was discharged in January 2003.

The parties stipulate and agree that the following contested issues of fact and law are in controversy:

1. Whether Mr. Campbell's membership in the United States Naval Reserve was [a substantial] or motivating factor influencing Main Enterprises' decision to terminate his employment.

2. If so, whether Main Enterprises would have terminated Mr. Campbell's employment on the basis of legitimate business concerns without regard to his reserve status and activity.

3. If plaintiff prevails on liability, whether plaintiff satisfied his obligation to mitigate his damages by undertaking reasonable efforts to find suitable employment.

**14. TRIAL TO COURT/JURY:**

(a) Court: Not Applicable

(b) Jury:

(1) Proposed Voir Dire Questions: The parties' proposed voir dire questions are submitted herewith.

(2) Proposed Jury Instructions: The parties' proposed jury instructions as to controlling substantive principles of law are submitted herewith.

(3) Jury Interrogatories/Proposed Verdict Form: An agreed upon special verdict form is submitted herewith.

(4) Proposed Case Statement:

Plaintiff Mitchell Campbell brought this action against his former employer, Main Enterprises, Inc., a heating and air conditioning contractor, alleging violations of his rights under a federal law known as the Uniformed Services Employment and Reemployment Rights Act, or

USERRA. Mr. Campbell was employed by Main Enterprises as a sheet metal mechanic. It is Mr. Campbell's contention that Main Enterprises terminated his employment in August 2001 because his obligations as a member of the United States Naval Reserve. Main Enterprises denies Mr. Campbell's allegations and states that the decision to terminate Mr. Campbell's employment was not based on his reserve status but instead was due to misconduct and poor performance.

14. **AVAILABILITY OF WITNESSES:**

There are no known issues regarding the availability of witnesses.

PLAINTIFF,
MITCHELL CAMPBELL

By:_____
Robert J. Sickinger (ct 18425)
Cummings & Lockwood LLC
His Attorney,
107 Elm Street
Stamford, CT 06902
(203) 327-1700
(203) 351-4535 (fax)

DEFENDANT,
MAIN ENTERPRISES, INC.

By:_____
Lawrence Peikes (ct 07913)
Wiggin and Dana LLP
Its Attorneys
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
(203) 363-7600
(203) 363-7676 (fax)

\16130\1\84785.1