UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MITCHELL CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) Civ. Action No. |
| | ) 3:03 CV 246 (SRU) |
| v. | ) |
| | ) |
| MAIN ENTERPRISES, INC., | ) |
| | ) |
| Defendant. | ) March 24, 2004 |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's Pre-Trial Order (Underhill, J.), the Plaintiff Mitchell Campbell ("Plaintiff") requests that the Court submit the following instructions to the jury.

**I.    Uniformed Services Employment and Reemployment Rights Act ("USERRA")**

The Plaintiff has brought claims against the Defendant for violations of the Uniformed Services Employment and Reemployment Rights Act, which I will refer to as USERRA. By enacting USERRA, Congress intended to prohibit discrimination against persons because of their military status or service in the uniformed services. Under USERRA, an employer is prohibited from denying initial employment, reemployment, retention in employment, promotion or any benefit of employment to a person because of his military obligations. 38 U.S.C. § 4311. Miller v. City of Indianapolis, 281 F.3d 648, 650 (7th Cir.); Hill

v. Michelin North America, Inc., 252 F.3d 307, 311 (4th Cir. 2001); McGuire v. United Parcel Service, 152 F.3d 673, 676 (7th Cir. 1998); Fink v. City of New York, 129 F. Supp. 2d 511, 518-19 (E.D.N.Y. 2001).

## II.    Violation of USERRA (Count One)

The Plaintiff has alleged two claims of statutory violations under USERRA. The Plaintiff's first claim alleges that, in violation of USERRA, the Defendant terminated the Plaintiff from employment because of his need to take time off from work in order to fulfill military obligations as a member of the United States Naval Reserve. The Plaintiff's second claim is that the this violation of USERRA was willful.

In order to prove a violation of USERRA, the Plaintiff first must show by a preponderance of the evidence that the Plaintiff's military status or need to take time off from work to satisfy his military obligations was a motivating factor in the Defendant's decision to terminate him. Thus, the Plaintiff satisfies his burden by showing that the employer's decision was based, at least in part, on the Plaintiff's military status. The Plaintiff's military status does not need to be the sole factor behind the employer's decision. Brandsasse v. City of Suffolk, 72 F. Supp. 2d 608, 617 (E.D. Va. 1999); Gagnon v. Sprint Corp., 284 F.3d 839, 847, 852-53 (8th Cir. 2002); Sheehan v. Department of Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001).

### III. <u>Motivating Factor</u>

Military status is a motivating factor of an adverse employment action, such as a termination, if the Defendant relied on, took into account, considered, or conditioned its decision on that consideration. Put simply, military status is a motivating factor if it is one of the factors a truthful employer would list if asked for the reasons for its decision. <u>Brandasse v. City of Suffolk</u>, 72 F. Supp. 2d 608, 617 (E.D. Va. 1999).

### IV. <u>Evidence of Discriminatory Intent</u>

The factual question of an employer's discriminatory motive or intent may be proven by either direct or circumstantial evidence. Because discrimination is seldom open and notorious, circumstantial evidence will often be a factor. Thus, in determining whether the Plaintiff has proven that his military status was part of the motivation for the Defendant's conduct, the Defendant's discriminatory intent may be inferred from a variety of factors. Among the factors that you may consider in deciding whether the Defendant had discriminatory intent are: proximity in time between the Plaintiff's military activity and the Defendant's termination of the Plaintiff; inconsistencies between the proferred reason and other actions of the Defendant; the Defendant's expressed hostility towards members protected by USERRA together with knowledge of the employee's military status; and disparate treatment of certain employees

compared to other employees with similar work records. Sheehan v. Department of Navy, 240 F.3d. 1009, 1014 (Fed. Cir. 2001).

### V.     Burden Shifts To Defendant

If you find that the Plaintiff has proven by a preponderance of the evidence that his military status was a motivating factor in the Defendant's decision to terminate his employment, the burden of proof shifts to the Defendant. The Defendant can avoid liability only if it can demonstrate, by a preponderance of the evidence, that it would have taken the same action without regard to the Plaintiff's military status, solely on the basis of another legitimate reason. If the Defendant fails to meet this burden, then you must decide in favor of the Plaintiff on his first claim. Sheehan v. Department of Navy, 240 F.3d. 1009, 1014 (Fed. Cir. 2001).

### VI.    Willful Violation of USERRA

If you find that the Plaintiff has prevailed on his first claim that the Defendant violated USERRA, you then must consider the Plaintiff's second claim. In his second claim, the Plaintiff has alleged that the Defendant committed a willful violation of USERRA when the Defendant terminated the Plaintiff from employment because of his need to take time off from work in order to fulfill military obligations as a member of the United States Naval Reserve.

To establish a willful violation of USERRA, the Plaintiff must prove by a preponderance of the evidence either of the following: (1) that the Defendant knew its conduct in terminating the Plaintiff was prohibited; or (2) that the Defendant acted with reckless disregard that its conduct was prohibited. <u>Wriggelsworth v. Brumbaugh</u>, 129 F. Supp. 2d 1106, 1111 (W.D. Mich. 2001).

## VIII.  <u>Damages</u>

If you find in favor of the Plaintiff, he is entitled to recover damages representing his lost wages and benefits, the costs of litigation, and attorneys' fees. 38 U.S.C. § 4323(d), (e), (h)(2). The Plaintiff claims that his lost wages and benefits total ____. If you believe that the Defendants terminated the Plaintiff in violation of USERRA, you should determine the fair and reasonable amount of damages to compensate the Plaintiff for any loss of wages or benefits suffered as a result of the Defendant's violation of USERRA. The Court will make the appropriate determination of the Plaintiff's costs of litigation and attorney's fees.

## IX.  <u>Damages - Punitive</u>

If you decide that the Defendant's conduct was <u>willful</u>, USERRA permits an award of double damages as punitive damages. 38 U.S.C. § 4323 (d)(C); <u>Satterfield v. Borough of Schuylkill Haven</u>, 12 F. Supp. 2d 423 (E.D. Penn. 1998). The Court will make the award of double damages if you find that the Defendant's conduct was willful.

THE PLAINTIFF,
MITCHELL CAMPBELL
BY CUMMINGS & LOCKWOOD LLC
HIS ATTORNEYS

By_____
Robert J. Sickinger (ct18425)
Four Stamford Plaza
P.O. Box 120
Stamford, CT 06904
(203) 327-1700

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S PROPOSED JURY INSTRUCTIONS has been served by hand delivery, this 24th day of March, 2004, to:

> Lawrence Peikes, Esq.
> Wiggin & Dana LLP
> 400 Atlantic Street
> P.O. Box 110325
> Stamford, CT 06911-0325

Robert J. Sickinger

.StmLib1:1049497.1 03/23/04

-7-