UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- X
MITCHELL CAMPBELL,                                           :
                                                              :   DOCKET NO. 3:03CV0246(SRU)
                          Plaintiff,                          :
                                                              :
v.                                                            :
                                                              :
MAIN ENTERPRISES, INC.,                                       :
                                                              :   MARCH 24, 2004
                          Defendant.                          :
------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

Pursuant to Section 12 of the Pre-Trial Order entered by the Court on December 15, 2003, defendant Main Enterprises, Inc. ("defendant" or "Main Enterprises") submits this memorandum of law in support of its motion in limine to bar (i) plaintiff's testimony as to hearsay accounts of statements allegedly made by defendant's President, Ken Oppedisano, to the effect that plaintiff's military leave obligations were disruptive to operations; and (ii) plaintiff's testimony as to a remark allegedly made by Susanne Ianniello, a former Main Enterprises employee, suggesting Mr. Oppedisano might refuse to honor plaintiff's request for military leave, on the ground that the proffered testimony is inadmissible hearsay or properly excluded as unduly prejudicial.

    I.    **Remarks Attributed to Mr. Oppedisano**

At deposition, plaintiff testified that certain colleagues told him Mr. Oppedisano expressed displeasure about plaintiff's military leaves of absence. In particular, plaintiff claims that, although he could not recall "[t]he exact verbatim words of the conversation" any of his colleagues allegedly had with Mr. Oppedisano on the subject of plaintiff's military leaves, he "heard on numerous occasions that Kenny [Oppedisano] was very upset." Plaintiff provided no

details as to the manner in which Mr. Oppedisano allegedly expressed his displeasure, other than to say: "I guess it was something Kenny must have told them. He was pissed." (Pltf's Dep. at pp. 60-62). Testimony of this sort should be excluded at trial on hearsay grounds.

Under the Federal Rules of Evidence, "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Here, the declarants are plaintiff's colleagues, and the statements at issue are to the effect that Mr. Oppedisano was displeased about plaintiff's absences from work to fulfill his obligations as a reservist. Plaintiff would be offering the declarants' statements for the truth of the matter asserted, i.e., that Mr. Oppedisano made remarks to the declarants indicating he was unhappy about plaintiff's military leaves. Such testimony by plaintiff constitutes inadmissible hearsay. Howley v. Town of Stratford, 217 F.3d 141, 155 (2d Cir. 2000)("Nor would testimony by Howley that other firefighters told her of certain statements by Holdsworth likely be admissible to prove that Holdsworth actually made such statements, for her testimony offered for that purpose would be hearsay.")(Citations omitted).[1]

Defendant therefore respectfully requests that the Court enter an Order in limine barring plaintiff from testifying as to statements ostensibly made by former colleagues recounting alleged remarks by Mr. Oppedisano concerning plaintiff's military leaves of absence.

---

[1] Accord Burns v. Board of County Commissioners of Jackson County, 330 F.3d 1275, 1284 (10th Cir. 2003)(plaintiff's testimony "at his deposition that someone had told him that Schirmer had said '[s]omething about the damn Indians or something' ... is hearsay and the district court properly disregarded it.")(Footnote omitted); Haywood v. Lucent Technologies, Inc., 323 F.3d 524, 533 (7th Cir. 2003)("The only evidence [plaintiff] offers is her own testimony that another employee told her about information received from the employee's superiors in corporate security. This is inadmissible hearsay on multiple levels ..."); Greenberg v. Chrust, 282 F. Supp. 2d 112, 117-18 (S.D.N.Y. 2003)(transcript of telephone conversation memorializing participant's account of his conversation with former chairman and chief executive officer "is inadmissible hearsay, pursuant to Fed. R. Evid. 802."); Dawson v. County of Westchester, 274 F. Supp. 2d 364, 378 n.9 (S.D.N.Y. 2003)(testimony by Johnson "that Black-Askew told her that she witnessed Merrell take the letter 'out of [Banks'] hand and made copies' ... is hearsay because it is an out of court statement offered for its truth ...")(Citations omitted).

II.   **Comment Attributable to Ms. Ianniello**

In August 2001, defendant undertook a comprehensive item by item check of its inventory in connection with its installation of a new computer system. (Ianniello Dep. at pp. 12-13). According to plaintiff, when he advised the office manager, Susanne Ianniello, that he was unable to participate in the second phase of the inventory because it conflicted with his annual two (2) week reserve training, Ms. Ianniello allegedly responded "well, the United States government is just going to have to check with the Oppedisano's to see if you could make it there." (Pltf's Dep. at p. 165). Ms. Ianniello, to whom plaintiff never reported, vehemently denies making any such statement. (Ianniello Dep. at p. 14). If offered through plaintiff, Ms. Ianniello's alleged statement constitutes inadmissible hearsay. But, even if plaintiff's anticipated testimony in this regard is not hearsay, it is still properly excluded as unduly prejudicial.

A.   **Hearsay**

Technically speaking, Ms. Ianniello's alleged statement would not be offered for the truth of the matter expressly asserted (i.e., that the U.S. Naval Reserves would have to seek Mr. Oppedisano's approval of plaintiff's orders to report for duty). However, "[w]hen the declarant necessarily intended to assert, although he did not directly assert, the inference for which the statement is offered, the statement is clearly hearsay. Matters that are implicitly being asserted are for hearsay analysis purposes tantamount to a direct assertion." M. Graham, Federal Practice and Procedure: Evidence § 7007, at pp. 85-87 (Interim Ed. 2000)(Footnotes omitted). See also United States v. Dukagjini, 326 F.3d 45, 51 (2d Cir. 2003)("... implied assertions may qualify as hearsay.")(Citations omitted).

The obvious implication of the remark attributed to Ms. Ianniello is that Mr. Oppedisano had in some way indicated he might object to plaintiff's military leave of absence because it took

him away from the shop when he was needed to work on the inventory. "When a statement is offered to infer the declarant's state of mind from which a given fact is inferred in the form of an opinion or otherwise, since the truth of the matter asserted must be assumed in order for the nonasserted inference to be drawn, the statement is properly classified as hearsay under the language of Rule 801(c)." M. Graham, Federal Practice and Procedure: Evidence § 7007, at pp. 88-89 (Interim Ed. 2000)(Footnotes omitted). In other words, "[s]tatements offered to support an implied assertion are inadmissible hearsay." United States v. Palma-Ruedas, 121 F.3d 841, 857 (3d Cir. 1997)(Citation omitted). See also United States v. Abreu, 342 F.3d 183, 190 (2d Cir. 2003); Mahone v. Lehman, 347 F.3d 1170, 1173-74 (9th Cir. 2003), citing Orr v. Bank of America, NT & SA, 285 F.3d 764, 779 (9th Cir. 2002); United States v. Hernandez, 176 F.3d 719, 727 (3d Cir. 1999).[2]

Because the statement attributed to Ms. Ianniello is necessarily being offered to support an implied assertion that Mr. Oppedisano had expressed reluctance to unconditionally approve plaintiff's requests for military leave, it is properly excluded on hearsay grounds.

B.  **Undue Prejudice**

Even were the statement at issue non-hearsay, it is still properly excluded as unduly prejudicial. "Under Rule 403, 'evidence may be excluded if its probative value is substantially

---

[2] Although a statement is not hearsay if it "is offered against a party and is ... a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship ...," Fed. R. Evid. 801(d)(2)(D), because plaintiff did not report to Ms. Ianniello, and she had no authority to approve or disapprove any request by plaintiff for time off, or otherwise effect the terms and conditions of his employment (Ianniello Dep. at pp. 11-12), her alleged remark questioning plaintiff's leave entitlement was plainly beyond the scope of her agency and, consequently, may not be classified as an admission. Gomez v. Rivera Rodriguez, 344 F.3d 103, 116-17 (1st Cir. 2003)(statements by mayor's wife indicating that hiring practices were tainted by impermissible considerations should have been excluded as hearsay even though she assisted the mayor where "his wife's role was social in nature and [] she played no part in the making of employment decisions."); Jacklyn v. Schering-Plough Healthcare Products Sales Corp., 176 F.3d 921, 927-28 (6th Cir. 1999)(because declarant was not plaintiff's supervisor at the time he allegedly told her that defendant's regional manager "said he did not want 'skirts' working for him," and therefore "was not involved in any of the critical appraisals of her performance that preceded her leaving work ... [p]laintiff failed to show that [declarant's] statement concerned matter within the scope of his agency or employment.").

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' In applying Rule 403, 'the trial judge has broad discretion to weigh the probative value of the evidence against the negative factors.'" Gerber v. Computer Associates Int'l, Inc., 303 F.3d 126, 136-37 (2d Cir. 2002)(Citation omitted).

The only conceivable value of the statement attributable to Ms. Ianniello is to generate an inference that she, for some reason, believed Mr. Oppedisano harbored discriminatory animus against plaintiff because of his need to take annual leave for reserve duty. There is, however, no evidence that Ms. Ianniello held any such belief. On the contrary, Ms. Ianniello denies that Mr. Oppedisano ever said or did anything to suggest he had any problem whatsoever with plaintiff's reserve obligations, as reflected in her firm denial of the statement attributed to her by plaintiff. (Ianniello Dep. at p. 14).

Plaintiff's testimony that Ms. Ianniello suggested Mr. Oppedisano might deny plaintiff his right to reserve leave is, therefore, the equivalent of an unsubstantiated rumor. By nature such evidence is probative of little or nothing, would undoubtedly be a source of juror confusion, and is bound to create a misleading impression that would prove highly prejudicial. Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 58 (2d Cir. 2002)("Regardless of whether the rumor evidence was properly rejected as hearsay, the district court later decided, in any event, that its prejudicial effect outweighed its minimal probative value. We find no 'manifest error' in this decision given the absence of proof connecting defendants to the rumors.").

Plaintiff should therefore be barred from testifying as to the statement he attributes to Ms. Ianniello questioning whether Mr. Oppedisano would allow plaintiff time off to attend mandatory reserve training.

### III. Conclusion

For the foregoing reasons, defendant respectfully urges the Court to grant its motion in limine and direct plaintiff and his counsel that testimony concerning hearsay statements made by plaintiff's former colleagues attributing to Mr. Oppedisano displeasure about plaintiff's reserve obligations, and as to the alleged remark by Ms. Ianniello, in words or substance, that "well, the United States government is just going to have to check with the Oppedisano's to see if you can make it there" (i.e., to reserve training), is improper and prohibited.

Respectfully submitted,

THE DEFENDANT,
MAIN ENTERPRISES, INC.

_____
Lawrence Peikes (ct 07913)
Wiggin and Dana LLP
Its Attorneys
400 Atlantic Street
P.O. Box 110325
Stamford, CT  06911-0325
(203) 363-7600
(203) 363-7676 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on March 24, 2004, I caused the foregoing Memorandum of Law in Support of Defendant's Motion in Limine to be served by hand on:

> Robert J. Sickinger, Esq.
> Cummings & Lockwood LLC
> 107 Elm Street
> Stamford, CT 06902

_____
Lawrence Peikes

\16130\1\84681.1