UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2004 MAR 24  A 10: 37

------------------------------------------------------- X

MITCHELL CAMPBELL,                         :

                                           :        U.S. DISTRICT COURT
                                           :    DOCKET NO. 3:03 CV 0246 (SRU)
                 Plaintiff,                :

                                           :

v.                                         :

                                           :

MAIN ENTERPRISES, INC.,                    :

                                           :        MARCH 24, 2004
                 Defendant.                :

------------------------------------------------------- X

## DEFENDANT'S REQUEST TO CHARGE

Pursuant to Fed. R. Civ. P. 51, and the Pre-Trial Order entered by the Court on December

15, 2003, defendant Main Enterprises, Inc. respectfully requests that the jury in the above-

captioned matter be charged as to the substantive law in accordance with the instructions

appended hereto.

Respectfully submitted,

THE DEFENDANT,
MAIN ENTERPRISES INC.

Lawrence Peikes (ct 07913)
Wiggin and Dana LLP
Its Attorneys
400 Atlantic Street
P.O. Box 110325
Stamford, CT  06911-0325
(203) 363-7600
(203) 363-7676 (fax)

**USERRA – ELEMENTS OF PROOF**

In this case, plaintiff Mitchell Campbell claims that his former employer, defendant Main Enterprises, Inc., violated the Uniformed Services Employment and Reemployment Rights Act, or USERRA, by allegedly terminating his employment on account of his military obligations as a member of the U.S. Naval Reserves. Generally speaking, USERRA prohibits an employer from discriminating against an employee on the basis of his or her non-career military obligations or performance of service in the reserves, National Guard or other uniformed service. USERRA, however, does not prohibit employers from discharging or otherwise disciplining reservists and other non-career military personnel for reasons unrelated to their military obligations.

For plaintiff to prevail on his claim for wrongful discharge under USERRA, he must demonstrate by a preponderance of the evidence that his military service was a substantial or motivating factor in the decision by Main Enterprises to terminate his employment. Plaintiff's military status is a motivating factor if Main Enterprises relied on, took into account, or conditioned its decision on that consideration. In other words, plaintiff must show that his military status actually played a role in Main Enterprises' decision-making process and had a determinative affect on the outcome. The mere fact that plaintiff is a reservist and was discharged is not enough, in and of itself, to establish plaintiff's claim.

In determining whether plaintiff's military service was a substantial or motivating factor in the termination decision, you should consider all evidence presented at trial including Main Enterprises' explanation as to why it terminated plaintiff's employment. Factors you might consider in making this determination include:

- the degree of proximity in time between plaintiff's military activity and the termination of his employment;

- whether Main Enterprises' actions were consistent with its explanation for the discharge decision;

- whether the individual who made the decision, Mr. Oppedisano, ever expressed hostility toward reservists or members of the military or, on the other hand, was accommodating of plaintiff's need for time off to fulfill his obligations as a reservist;

- whether other employees at Main Enterprises with similar work records, or who committed offenses similar to those plaintiff is alleged to have committed, if any, received more lenient treatment.

If you determine plaintiff has not shown by a preponderance of the evidence that his reserve activity was a substantial or motivating factor in Main Enterprises' decision to terminate his employment, then you must enter a verdict in favor of Main Enterprises. If, however, you find plaintiff has proven by a preponderance of the evidence that his reserve activity was a substantial or motivating factor in Main Enterprises' decision to terminate his employment, you must then consider whether Main Enterprises would nevertheless have discharged plaintiff in the absence of his reserve activity.

In other words, even if you find Main Enterprises' decision was motivated in part by plaintiff's reserve activity, Main Enterprises may still defeat plaintiff's claim under USERRA if it can prove by a preponderance of the evidence that legitimate reasons unrelated to plaintiff's reserve activity, standing alone, would have prompted the company to terminate plaintiff's employment. Consequently, if you find Main Enterprises has met its burden of proving that plaintiff, by virtue of his conduct and actions, would have been discharged even were he not a reservist, you must enter a verdict for Main Enterprises. On the other hand, if you conclude that

Main Enterprises has not met its burden of proof in this regard, your verdict should be for

plaintiff.

38 U.S.C. § 4311; Gummo v. Village of Depew, N.Y., 75 F.3d 98, 106 (2d Cir. 1996); Leisek v. Brightwood Corp., 278 F.3d 895, 898-99 (9th Cir. 2002); Hill v. Michelin North America, Inc., 252 F.3d 307, 311-15 (4th Cir. 2001); Sheehan v. Department of the Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001); Gillie-Harp v. Cardinal Health, Inc., 249 F. Supp. 2d 1113, 1119-20 (W.D. Wis. 2003); Clune v. Desmond's Formal Wear, Inc., 172 Lab. Rel. Ref. Man. (BNA) 3177, 3181, 3183-84 (N.D. Ind. 2003); Fink v. City of New York, 129 F. Supp. 2d 511, 519-21 (E.D.N.Y. 2001); Sanguinetti v. United Parcel Service, Inc., 114 F. Supp. 2d 1313, 1318 (S.D. Fla. 2000), aff'd, 254 F.3d 75 (11th Cir. 2001); Barreto v. ITT World Directories, Inc., 62 F. Supp. 2d 387, 391-93 (D.P.R. 1999).

## DAMAGES

The purpose of USERRA is to make whole those persons who have been unlawfully terminated because of their military service.  If you find for plaintiff on his claim that he was discharged by Main Enterprises because of his military service, then you must determine the amount of damages that should be awarded.  Damages, of course, need not be considered if you have determined that Main Enterprises' decision to terminate plaintiff's employment was lawful and did not violate USERRA.

If plaintiff is eligible to recover damages, you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate him for any actual losses he sustained as a direct result of the alleged wrongful conduct.  Plaintiff bears the burden of proving his entitlement to damages.

Under USERRA, a successful plaintiff is entitled to recover lost wages and benefits.  In this case, the amount of lost wages and benefits is calculated by determining the amount that plaintiff would have earned from the date of his termination until January 2002, when he was called into active duty, and from January 2003, when he was released from active duty, to the present, less any amounts he earned in the interim.

In determining the amount of damages to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation or guesswork.  On the other hand, the law does not require that plaintiff prove his losses with mathematical precision, but only as much accuracy and definiteness as circumstances permit.

Any damage award must be limited to lost wages and benefits.  Except for liquidated damages as provided under the statute, about which I will instruct you in a moment, plaintiff is

not entitled to any additional damages.  For example, USERRA does not authorize an award of

punitive damages or damages for emotional distress.  Such damages, therefore, may not be

awarded in this case.

---

5 L. Sand, *et. al.*, <u>Modern Federal Jury Instructions</u> § 88-38 (2003); O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 170.90 (5th ed. 2001); 38 U.S.C. § 4323(d)(1)(B); <u>Lapine v. Town of Wellesley</u>, 167 F. Supp. 2d 132, 143-44 (D. Mass. 2001), <u>aff'd on other grounds</u>, 304 F.3d 90 (1st Cir. 2002); <u>Barreto v. ITT World Directories, Inc.</u>, 62 F. Supp. 2d 387, 395-96 (D.P.R. 1999).

## MITIGATION OF DAMAGES

Plaintiff must make every reasonable effort to minimize or reduce his damages for lost compensation by diligently seeking alternative employment. This is referred to as "mitigation of damages." Defendant has the burden of proving by a preponderance of the evidence that plaintiff failed to mitigate his damages.

If you determine that plaintiff is entitled to damages for lost wages and benefits, you must reduce the award by:

1.    the amount plaintiff actually earned up until the date of his recall to active service;

2.    the amount plaintiff actually earned since his release from active duty; and

3.    any amounts defendant has proven plaintiff could have earned during these time periods by making a reasonable effort to secure alternative employment.

A discharged employee must use reasonable diligence in finding other suitable employment, meaning employment that is of a like nature. In determining whether employment is of a like nature, you may consider 1) the type of work; 2) the hours worked; 3) the compensation; 4) the job security; 5) the working conditions; and 6) other conditions of employment.

An employer meets its burden of showing a failure to mitigate if it proves by a preponderance of the evidence that the plaintiff made no reasonable effort to seek out alternative employment. If you determine plaintiff did not make reasonable efforts to obtain another similar job, you must offset from any damage award the amount you find plaintiff could have earned had he undertaken a reasonably diligent search for employment between the time of his discharge and the time of his call-up for active duty and/or since his release from active duty.

7

In short, you must not compensate plaintiff for any portion of his lost compensation that

is attributable to his failure to make reasonable efforts to mitigate his damages.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 170.90 (5th ed. 2001); Ford Motor Co. E.E.O.C., 458 U.S. 219, 231, 102 S. Ct. 3057, 3065, 73 L. Ed. 2d 721 (1982); Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 695-96 (2d Cir. 1998); Greenaway v. Buffalo Hilton Hotel, 143 F.3d 47, 53-54 (2d Cir. 1998); Le v. University of Pennsylvania, 321 F.3d 403, 407 (3d Cir. 2003); Giles v. General Electric Co., 245 F.3d 474, 492-93 (5th Cir. 2001); Carey v. Mt. Desert Island Hospital, 156 F.3d 31, 41 (1st Cir. 1998); Hine v. Mineta, 238 F. Supp. 2d 497, 499-500 (E.D.N.Y. 2003).

## WILLFULNESS

Plaintiff claims that Main Enterprises willfully violated his rights under USERRA when it terminated his employment. If you find plaintiff has proven by a preponderance of the evidence that Main Enterprises acted unlawfully in terminating his employment, then you must determine whether Main Enterprises' violation of USERRA was willful. Under USERRA, a violation is willful if the employer knew it was acting in an unlawful manner or showed reckless disregard for whether its actions were unlawful or not.

Although plaintiff need not prove that Main Enterprises specifically intended to violate USERRA, he must establish that Main Enterprises knew or showed reckless disregard for whether its conduct was prohibited by USERRA. To prove a willful violation of USERRA, therefore, plaintiff must show that Main Enterprises was indifferent to the statute's requirements and acted in a purposeful, deliberate or calculated fashion.

If you find plaintiff has proven by a preponderance of the evidence that Main Enterprises willfully violated USERRA, you should award plaintiff liquidated damages in an amount equal to any lost wages and benefits you have found he is entitled to recover.

5 L. Sand, *et. al.*, Modern Federal Jury Instructions § 88-39 (2003); Hazen Paper Co. v. Biggins, 507 U.S. 604, 616-17, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993); Padilla v. Metro-North Commuter R.R., 92 F.3d 117, 123 (2d Cir. 1996); Appelbaum v. Milwaukee Metropolitan Sewage District, 340 F.3d 573, 581-82 (7th Cir. 2003); West v. Nabors Drilling USA, Inc., 330 F.3d 379, 391-92 (5th Cir. 2003); Minshall v. McGraw Hill Broadcasting Co., Inc., 323 F.3d 1273, 1282-83 (10th Cir. 2003); Whitten v. Cross Garage Corp., 2003 WL 21744088, at *5 (S.D.N.Y. July 9, 2003); Wriggelsworth v. Brumbaugh, 129 F.Supp.2d 1106, 1111 (W.D.Mich. 2001).

## CERTIFICATE OF SERVICE

This is to certify that on March 24, 2004, I caused the foregoing Defendant's Request to

Charge to be served by hand on:

Robert J. Sickinger, Esq.
Cummings & Lockwood LLC
107 Elm Street
Stamford, CT 06902


_____
Lawrence Peikes

\16130\1\83994.1