UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MITCHELL CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:03CV0246(SRU) |
| v. | ) | |
| | ) | |
| MAIN ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | March 31, 2004 |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE**

Plaintiff Mitchell Campbell ("Campbell") hereby objects to Defendant Main Enterprises, Inc.'s ("Main Enterprises" or "Defendant") Motion in Limine dated March 24, 2004. In that motion, Main Enterprises seeks to bar the introduction of the following anticipated evidence at trial: (1) Campbell's testimony as to statements made by Main Enterprises' President Ken Oppedisano ("Oppedisano") concerning his disapproval of Campbell's military leave obligations; and (2) Campbell's testimony as to a remark made by Susanne Ianniello, Main Enterprises' office manager, suggesting that Oppedisano might refuse Campbell's request for military leave despite Campbell's service obligation. For the reasons discussed below, there is no basis to exclude this evidence at trial and accordingly the Defendant's motion should be denied.

I.      **Brief Background**

Campbell brought this action alleging Main Enterprises violated the Uniformed Services

Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. 4301 *et. seq.* by

terminating his employment because of his obligations as a member of the United States Naval

Reserve.  As a member of the Reserve, Campbell was required to serve 12-14 days of annual

training per year, normally as two consecutive weeks.  On August 24, 2001, Main Enterprises

gave Campbell a termination notice, effective August 23, 2001, which stated that Campbell was

terminated for "job performance."  Campbell was scheduled to fulfill his two week active duty

requirement as a Naval Reservist beginning the next day August 25, 2001.

USERRA prohibits an employer from denying initial employment, reemployment,

retention in employment, promotion or any benefit of employment to a person because of his

military obligations.  38 U.S.C. § 4311.  To prevail on a USERRA claim, a plaintiff first must

show that the plaintiff's military status or need to take time off from work to satisfy his military

obligations was a motivating factor in the defendant's decision to terminate him.  Sheehan v.

Department of Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001).  Under USERRA, the defendant's

discriminatory intent may be inferred from a variety of factors, including the defendant's

expressed hostility towards members protected by USERRA together with knowledge of the

employee's military status.  Id. at 1014.

The Defendant has moved to exclude evidence that is critical to Campbell's USERRA claim: statements by Defendant's management expressing hostility towards Campbell in the context of his military obligations. Contrary to Defendant's assertions, these statements are relevant and admissible in this case.

## II.    Campbell's Testimony Regarding Oppedisano's Remarks Is Admissible

Campbell's testimony regarding the remarks made by Oppedisano is admissible. Campbell testified at his deposition about numerous instances where Oppedisano and "colleagues" informed him of Oppedisano's displeasure with his military leaves of absence. Main Enterprises claims that Campbell's testimony regarding such remarks should be excluded on hearsay grounds because they are being offered for the truth of the matter asserted, namely that Oppedisano was displeased over Campbell's required military service. The hearsay rule, however, does not apply to this anticipated testimony.

### A.    Oppedisano's Remarks Of Displeasure To Campbell Are Admissible

The Defendant's Motion on its face (as opposed to its Memorandum of Law) broadly seeks to preclude Campbell from testifying as to any statements made by Oppedisano to the effect that Campbell's military leave obligations were disruptive to operations. For purposes of a hearsay analysis, it is important to determine the identity of the declarant in Campbell's anticipated testimony at trial. At his deposition, Campbell testified that Oppedisano

communicated his displeasure with Campbell's military leave requirement directly to Campbell.

Campbell deposition, p. 61, lines 6-7 (attached to Defendant's Motion In Limine).  In these

circumstances, where the declarant in Campbell's testimony is Oppedisano, the President of

Main Enterprises, such testimony is clearly admissible.

Such testimony is not hearsay because it is not being offered for the truth of the matter

asserted, but merely for the fact that they were made at all.  "If the significance of an offered

statement lies solely in the fact that it was made, [and] no issue is raised as to the truth of

anything asserted, [then] the statement is not hearsay." Advisory Committee Note subdivision

(c), F.R.E. 801  In other words, Oppedisano's statements to Campbell are evidence of Main

Enterprises' "expressed hostility" towards Campbell, which is one of the factors used to

determine discriminatory intent in a USERRA case.  See Sheehan v. Department of Navy, supra

240 F.3d 1014 (Fed. Cir. 2001).  There simply is no hearsay issue when Campbell will testify

about remarks Oppedisano made directly to Campbell, and thus the remarks are admissible.  See

e.g., U.S. v. Murphy, 193 F.3d 1, 5-6 (1st Cir. 1999) (instructions given to witness to falsify

documents not offered for the truth of the matter asserted but rather to show that the such

instructions were given); Smith v. Great Am. Restaurants, Inc., 969 F.2d 430, 437 (7th Cir.

1992) (in employee age discrimination suit statements made concerning defendant's desire to

acquire younger managers admissible because "[t]he statements were admitted not for the truth

of what was asserted, but to establish that the statements attributed … were actually made");

4

Keisling v. SER-Jobs For Progress, Inc., 19 F.3d 755 (1st Cir. 1994) (In ADA action, statements made by employee and president of employer's board of directors indicating that employee and president were getting too old for their jobs were not hearsay in employee's age discrimination action because statements were not offered to prove truth of matter asserted.); U.S. v. Press, 336 F.2d 1003, 1011 (2d Cir. 1965) (noting that "statements inadmissible to prove the truth of the matter they assert may be admitted if the fact of the assertion is in itself relevant"); U.S. v. Southland Corp., 760 F.2d 1366, 1376 (2d Cir. 1985) (stating that whether statement admitted only to prove relevant state of mind is treated as nonhearsay or under FRE 803(3) generally does not matter).

Further, remarks made by Oppedisano to Campbell would fall within the hearsay exception for statements of the declarant's "then existing state of mind, emotion, sensation, or physical condition." F.RE. 803(3). Three requirements must be met for a statement to be admissible under the state of mind exception to the hearsay rule:

(1) Statement must be contemporaneous with the mental state sought to be proven.

(2) There must be no suspicious circumstances suggesting a motive for the declarant to fabricate or misrepresent her thoughts.

(3) The declarant's state of mind must be relevant to an issue in the case.

U.S. v. Cardascia, 951 F.2d 474, 488 (2d Cir. 1991); *Weinstein's Federal Evidence*, 2d ed. §
803.05[2][a].

Here, all three requirements are met.  First, there is no dispute that the statements made
by Oppedisano to Campbell were contemporaneous with the mental state plaintiff seeks to prove.
Second, there is no reason for Oppedisano to fabricate or misrepresent his thoughts, and certainly
no suspicious circumstances.  Third, testimony that Oppedisano told Campbell of his displeasure
with his military leave requirements goes directly to the issue of the motivating factors behind
Campbell's firing.  As noted before, an employer's expressed hostility is highly relevant
evidence for proving discriminatory motivation under USERRA.  Sheehan, 240 F.3d at 1014.
These expressions of anger reflect Oppedisano's state of mind about Campbell's military duty.
Therefore, the remarks must be admitted under the state of mind exception to the hearsay rule.
See e.g., Browne v. CNN America, Inc., 1999 WL 1084236 at *3 (S.D.N.Y.) (employer's
statements concerning employee's job performance admissible not for truth of matter asserted
but to show state of mind of employer about employee); Ali v. Tribune Entertainment Co., 1996
WL 384913 at *5 (S.D.N.Y.) (statement by employer in Title VII discrimination case admissible
in summary judgment motion because statement showed employer's state of mind); Talley v.
Bravo Pitino Restaurant, Ltd., 61 F.3d 1241 (6th Cir. 1995) (racist comments made by
employer's owner and manager admissible, despite hearsay, in employment discrimination
action under hearsay exception for statements of declarant's then existing state of mind); Biver v.

Saginaw Tp. Community Schools, 805 F.2d 1033 (6th Cir. 1986) (sexist statements by school

superintendent, even if offered for truth, admissible under 803(3) to show then existing state of

mind).

Further, admission of these remarks is consistent with USERRA's policy of allowing

both direct and circumstantial evidence to prove the factual question of the employer's

discriminatory motivation. See Sheehan v. Department of Navy, supra, 240 F.3d 1014, citing,

FPC Holdings, Inc. v. Nat'l Labor Relations Bd., 64 F.3d 935, 942 (4th Cir. 1995) ("Motive may

be demonstrated by circumstantial as well as direct evidence").  Oppedisano's displeasure and

hostility towards Campbell's military service is clearly relevant circumstantial evidence of

discriminatory intent.  Sheehan, supra, 240 F.3d at 1014.

**B.      Statements Made By Campbell's Colleagues Regarding Oppedisano's Displeasure Are Also Admissible.**

At his deposition, Campbell not only testified that Oppedisano made such remarks, but

also that other Main Enterprises' employees told him of Oppedisano's displeasure with Campbell

fulfilling his military obligations.  The Defendant's Memorandum Of Law focuses on such

statements by "colleagues" as hearsay.  However, the Defendant's Memorandum completely

ignores the relevant "double hearsay" analysis under F.R.E. 805.

A double hearsay analysis applies to hearsay statements made within hearsay statements.

For example, testimony that a witness was told by another employee that the President of the

7

company made derogatory statements would require a double hearsay analysis. The first issue

would be whether the statement by the other employee was hearsay.

In this case, the Defendant's analysis is faulty because it presumes that the statements of

co-employees are necessarily hearsay. The Defendant fails to consider the status of the co-

employees within Main Enterprises. At his deposition, Campbell testified that statements of

Oppedisano's displeasure were made not only by Oppedisano, but also came through the "chain

of command." Campbell Depo., p. 61, lines 4 -6 (Attached to Defendant's Motion). Thus,

Campbell was referencing not merely co-workers, as suggested by the Defendant, but also his

direct superiors. If such statements were made by superiors during their employment, then the

statements are not hearsay, but are admissions of party opponents.

Statements by a party's agents or employees are treated as admissions if they (1) were

made during the agency or employment and (2) they relate to a matter within the scope of the

agency or employment. F.R.E. 801(d)(2)(D). For the second requirement, the Second Circuit

has held that "statements regarding employment matters *are* within the scope of the declarant's

employment if the declarant was an advisor or other significant participant in the decision-

making process that is the subject matter of the statement." Evans v. Port Authority of New

York and New Jersey, 192 F.Supp.2d 247, 263 (S.D.N.Y. 2002) (emphasis in original) (internal

quotation marks omitted).

The Defendant's motion fails to name the individuals whom Campbell testified made the statements regarding Oppedisano.   The individuals identified included a number of supervisory personnel at Main Enterprises, including, Robert Kahn, Dick Guggenheim, Linda Polido, Pat Rouse and Susan Ianiello.  Campbell testified that he would make his request for military leave; it would go up the chain of command; and the message he heard back down the chain was that Oppedisano was displeased.  The message conveyed to him by his supervisors was that Main Enterprises was displeased with his military leave requests.  Campbell is expected to testify that personnel at Main Enterprises with supervisory status communicated to him that Oppedisano was displeased with his military leave requirements.  The statements of the supervisory personnel who are in the "chain of command" are not hearsay but are admissions.  Thus, there is no basis for the Court to preclude this testimony *in limine*. These statements of supervisory personnel would be admissible as an admissions of a party opponent.

The second part of the double hearsay analysis concerns the underlying communication or expression of displeasure by Oppedisano.  Such communication or expression of displeasure would be admissible for the reasons discussed previously:  (1) it is not offered for the truth and therefore is not hearsay; and (2) it falls within the state of mind exception the hearsay rule.  Thus, under a double hearsay analysis, testimony of colleagues may be admissible.  Accordingly, the Defendant's Motion In Limine with respect to Campbell's testimony about their statements to him should be denied.

### III.    The Statement of Susanne Ianniello Is Also Admissible

Susanne Ianniello ("Ianniello") was the office manager at Main Enterprises.  In August

2001, when Campbell informed Ianniello that he would need to take two weeks off for reserve

training, Ianniello responded: "well, the United States government is just going to have to check

with the Oppedisanos to see if you could make it there."  Similar to Oppedisano's remarks,

Ianniello's comment falls outside the scope of FRE 801 because the significance of the statement

lies solely in the fact that it was made, regardless of its truth.  This statement therefore, as Main

Enterprises concedes, would not be offered for the truth of the matter asserted and therefore

cannot be classified as hearsay.  It is an expression of Main Enterprises' hostility towards

Campbell's military obligations.  Thus, the statement is admissible.

However, Main Enterprises argues that the statement is being offered to support the

implied assertion that Mr. Oppedisano disapproved of Campbell's military obligations, and that

it therefore must be excluded on hearsay grounds.  Although plaintiff disputes this claim, the

statement would still come in under either the hearsay exception for state of mind or as the

admission of a party opponent.

As discussed above, FRE 803(3) allows an exception for hearsay statements concerning

the declarant's "then existing state of mind, emotion, sensation, or physical condition."  The

statement attributed to Ianniello is extremely relevant for establishing her existing state of mind,

primarily her belief that Oppedisano would disapprove of (or even deny) Campbell's request for

10

military leave.  The statement was contemporaneous with the mental state sought to be proven.

Further, it is another indication of the general beliefs held by management at Main Enterprises

concerning Campbell's military obligations  As such, the statement should come in under FRE

803(3).  See e.g., Myles v. City of Indianapolis, 213 F.Supp.2d 962, 970 (S.D. Ind. 2002)

(comments criticizing employee in race discrimination case admissible under FRE 803(3)

because comments were not offered to show that employee's work was inferior but rather to

show what employer believed); Fun-Damental Too, Ltd. v. Gemmy Industries Corp., 111 F.3d

993, 1003-04 (2d Cir. 1997) (customer complaints admissible not for truth of matter, but to show

confusion in minds of customers); Browne v. CNN America, Inc., 1999 WL 1084236 at *3

(S.D.N.Y.) (employer's statements concerning employee's job performance admissible not for

truth of matter asserted but to show state of mind of employer about employee); Ali v. Tribune

Entertainment Co., 1996 WL 384913 at *5 (S.D.N.Y.) (statement by employer in Title VII

discrimination case admissible in summary judgment motion because statement showed

employer's state of mind); Wright v. Southland Corp., 187 F.3d 1287, 1304 (11th Cir. 1999)

(age-based statements by employer in employee age-discrimination case admissible under FRE

803(3) because statements were not being offered to prove truth of the matters asserted but rather

to prove state of mind of decision makers).

        Additionally, Ianniello's statement is admissible as an admission of a party opponent

under FRE 801(d)(2)(D).  Under this rule, statements by the party's agents or employees are

treated as admissions if they (1) were made during the agency or employment and (2) they relate

to a matter within the scope of the agency or employment.  For the second requirement, the

Second Circuit has held that "statements regarding employment matters *are* within the scope of

the declarant's employment if the declarant was an advisor or other significant participant in the

decision-making process that is the subject matter of the statement."  Evans v. Port Authority of

New York and New Jersey, 192 F.Supp.2d 247, 263 (S.D.N.Y. 2002) (emphasis in original)

(internal quotation marks omitted).

Concerning the first prong, there is no dispute that Ianniello was the office manager of

Main Enterprises when the statement was made.  As for the second requirement, Ianniello was

undoubtedly a significant participant in the decision-making process.  Ianniello, as office

manager, regularly had management discussions with other Main Enterprises' managers

concerning employee work performance and directives.  Ianniello Dep. at 17-18.  (Attached

hereto as Exhibit A.)  She was responsible, in part, for crafting Main Enterprises' infrastructure.

Ianniello Dep. at 11:2-4.   Most importantly, it was Ianniello who actually terminated Campbell.

Ianniello Dep. at 22:25-23:2.  Indeed, it was Oppedisano who specifically directed Ianniello to

fire Campbell by stating to her, "I want you to fire him."  Ianniello Dep. at 24:21.  Because she

was so intimately involved in Main Enterprises' personnel functions, Ianniello's statement

qualifies as having been made within the scope of employment and should be admitted as an

admission of a party opponent.  See Evans, 192 F.Supp.2d at 263, citing, Cook v. Arrowsmith

Shelburne, Inc., 69 F.3d 1235, 1238 (2d Cir. 1995) (statements of intermediate supervisor

relating to statement of superior with decision-making authority within scope of employment

when intermediate supervisor had been instructed to fire plaintiff); Carter v. Univ. of Toledo,

349 F.3d 268, 275 (6th Cir. 2003) (rejecting argument that FRE 801(d)(2)(D) applies only to

direct decision makers in adverse employment actions); Johnson v. Kroger, Co., 319 F.3d 858,

868 (6th Cir. 2003) (stating ""[a]lthough remarks made by an individual who has no authority

over the challenged employment action are not indicative of discriminatory intent, the statements

of managerial-level employees who have the ability to influence a personnel decision are

relevant").

Finally, Main Enterprises contends that the statement by Ianniello should be excluded

under FRE 403.  FRE 403 allows evidence to be excluded "if its probative value is *substantially*

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

(emphasis added).  There is no basis for the statement to be excluded because it is highly

probative of the reasons why Main Enterprises' terminated Campbell just days before he was to

begin his military leave.  USERRA requires that the plaintiff prove by a preponderance of the

evidence that his military obligation was a motivating factor in his loss of employment.  Hill v.

Michelin North America, Inc., 252 F.3d 307 (4th Cir. 2001).  Often, circumstantial evidence will

be crucial in these types of cases because "discrimination is seldom open or notorious."  Sheehan

v. Department of Navy, supra, 240 F.3d 1014.  In particular, evidence of *expressed hostility*

*towards members protected by USERRA* is a factor that a jury should consider to determine discriminatory motivation.  Id.  Ianniello's statement is evidence relating to this factor.  It is up to the jury to weigh whether they believe that this statement is credible or not, but in no way should it be excluded as unfairly prejudicial.

Further, there is no risk that the jury will be misled or confused, and even if there was, the probative value of the evidence far outweighs that risk.  See Leopold v. Baccarat, Inc., 174 F.3d 261, 270 (2d Cir. 1999) (inflammatory comments properly admitted in age discrimination case where probative value and danger of unfair prejudice were both significant, but neither overwhelming).  In discrimination cases, "proof … is always difficult.  Defendants of even minimal sophistication will neither admit discriminatory animus nor leave a paper trail demonstrating it …  [A] plaintiff's ability to prove discrimination indirectly, circumstantially, must not be crippled by evidentiary rulings that keep out probative evidence because of crabbed notions of relevance or excessive mistrust of juries."  Riordan v. Kempiners, 831 F.2d 690, 697-98 (7th Cir. 1987).  Accordingly, Ianniello's statement is admissible.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion In Limine should be denied..

        THE PLAINTIFF,
        BY CUMMINGS & LOCKWOOD, LLC
        HIS ATTORNEYS


        By  /s/  Robert J. Sickinger
            Robert J. Sickinger (ct 18425)
            Four Stamford Plaza
            P.O. Box 120
            Stamford, CT  06904
            (203) 327-1700

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S OBJECTION TO

DEFENDANT'S MOTION IN LIMINE has been served via U.S. Mail this 31st day of March,

2004, to:


        Lawrence Peikes, Esq.
        Wiggin & Dana LLP
        400 Atlantic Street
        P.O. Box 110325
        Stamford, CT  06911-0325


             /s/  Robert J. Sickinger
             Robert J. Sickinger


.StmLib1:1053859.1 03/31/04

16