UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| MITCHELL CAMPBELL, | : |
| | : DOCKET NO. 3:03CV0246(SRU) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MAIN ENTERPRISES, INC., | : |
| | : APRIL 15, 2004 |
| Defendant. | : |

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO AMEND JOINT PRE-TRIAL ORDER

Pursuant to Fed. R. Civ. P. 16(b), defendant Main Enterprises, Inc. ("defendant" or "Main Enterprises") submits this memorandum of law in support of its motion to amend the Joint Pre-Trial Order, submitted by the parties to the above-captioned case to add an additional witness, namely a former Main Enterprises employee by the name of Ray Green. Mr. Green was an apprentice/trainee on two (2) jobs on which plaintiff Mitchell Campbell ("plaintiff") served as the project manager and will be called to testify regarding plaintiff's abandonment of the worksite, his theft of time by recording non-working hours as working time, and his use of alcohol while on the clock. Because Mr. Green's testimony would be directly relevant to the core issue of whether the decision to terminate plaintiff's employment was based on legitimate business considerations, and not plaintiff's reserve activities, and, as discussed more fully below, no prejudice would inure to plaintiff, nor would the proposed modification disrupt the trial (not scheduled to commence until June 7, 2004), defendant's motion should be granted and the Joint Pre-Trial Order modified accordingly.

## ARGUMENT

The district court has discretion to modify or amend a pre-trial order. Grochowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003). "Appropriate factors to consider include: '(1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party.' Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result." Rapco, Inc. v. Commissioner of Internal Revenue, 85 F.3d 950, 953 (2d Cir. 1996)(Citations omitted).

1. **No Prejudice or Surprise to Plaintiff**: There is little risk of prejudice or surprise to plaintiff by virtue of the proposed amendment. Because Mr. Green worked for plaintiff on a pair of projects, plaintiff was necessarily aware all along of Mr. Green's existence and the possibility he might serve as a witness. Furthermore, in an effort to ameliorate any potential for prejudice or surprise, immediately upon ascertaining the scope and significance of Mr. Green's knowledge of facts pertinent to the case, counsel for defendant notified plaintiff's counsel of its desire to call Mr. Green as a witness and sought a stipulation to amend the Joint Pre-Trial Order by adding Mr. Green to defendant's list of witnesses.[1] Significantly, this disclosure was made some two (2) months before the scheduled trial date, essentially eliminating any plausible claim of prejudice. Palace Exploration Co. v. Petroleum Development Co., 316 F.3d 1110, 1117 (10th Cir. 2003)("We recently explained that 'the timing of the motion in relation to the commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise.'")(Citation omitted).

---

[1] Plaintiff has not responded to defendant's proposal to amend the Joint Pre-Trial Order by stipulation, thereby necessitating the filing of the instant motion.

2

**2. Curability of any Prejudice**: To the extent the proposed amendment causes plaintiff to suffer any degree of prejudice whatsoever, the damage is easily cured. Plaintiff has plenty of time to prepare for, and attempt to formulate a rebuttal to, Mr. Green's testimony. And, because Mr. Green is no longer employed by Main Enterprises (and in any event did not hold a management-level position), plaintiff is free to seek him out for purposes of conducting an interview.[2]

**3. No Disruption of the Trial**: Amendment of the Joint Pre-Trial Order to include Mr. Green as a prospective witness for the defense would not cause "disruption of the orderly and efficient trial of the case" in the slightest. As noted, trial is not scheduled to commence until June 7, 2004, nearly two (2) months hence. Logically, "if the motion to amend is made *prior* to trial, no disruption of an ongoing trial is threatened." Davey v. Lockheed Martin Corp., 301 F.3d 1204, 1212 (10th Cir. 2002)(Citation omitted)(Emphasis in original). Furthermore, it is expected that Mr. Green's testimony on direct examination will be brief, certainly no more than thirty (30) minutes, and probably closer to fifteen (15) minutes. Consequently, no adjustment need be made to the time allotted by the Court for trial in order to account for the addition of Mr. Green as a witness.

**4. Absence of Bad Faith**: Defendant's slightly belated disclosure of Mr. Green as a prospective witness was in no way the product of bad faith or willfulness. Mr. Green left defendant's employ nearly three (3) years ago, about a month prior to plaintiff's termination. Unsurprisingly, therefore, Mr. Oppedisano, defendant's President and its principal witness in this case, did not recall that Mr. Green had worked with plaintiff on two (2) problematic projects back in 1999 and 2000. Mr. Green's name only surfaced during the course of a recent interview

---

[2] The fact that the discovery period has expired is immaterial since plaintiff never expressed any desire to depose Mr. Green. In any event, defendant certainly has no objection to re-opening discovery for the limited purpose of conducting Mr. Green's deposition if plaintiff feels it is necessary.

3

defendant's witnesses). Once reminded that Mr. Green was present to observe conduct on the part of plaintiff that factored into defendant's decision to terminate plaintiff's employment, counsel, as noted, disclosed its intention to seek a modification of the Joint Pre-Trial Order to include Mr. Green as a witness and sought a stipulation. See Securities and Exchange Comm. v. U.S. Environmental, Inc., 2002 WL 31357809, at *2-3 (S.D.N.Y. Oct. 17, 2002)(granting motion for leave to amend pre-trial order's witness and exhibit lists based on new information coming to light).

**5. Prejudice to Defendant**: Finally, because Mr. Green was an eyewitness to conduct on plaintiff's part that played a significant role in the termination decision at issue, and his complaint about plaintiff to Mr. Oppedisano exposed this misconduct, his testimony will be a crucial component of Main Enterprises' defense against plaintiff's claim that he was fired on account of his reserve activity, as opposed to being fired due to failings on the job of the sort observed by Mr. Green.

## CONCLUSION

For the foregoing reasons, defendant's motion to amend the Joint Pre-Trial Order to include Mr. Green on defendant's witness list should be granted.

Respectfully submitted,

THE DEFENDANT,
MAIN ENTERPRISES, INC.

_____
Lawrence Peikes (ct 07913)
Wiggin and Dana LLP
Its Attorneys
400 Atlantic Street
P.O. Box 110325
Stamford, CT  06911-0325
(203) 363-7600
(203) 363-7676 (fax)

4

## CERTIFICATE OF SERVICE

This is to certify that on April 15, 2004, I caused the foregoing Memorandum of Law in Support of Defendant's Motion to Amend Joint Pre-Trial Order to be served by first-class U.S. mail, postage prepaid, on:

>Robert J. Sickinger, Esq.
>Cummings & Lockwood LLC
>107 Elm Street
>Stamford, CT 06902

_____
Lawrence Peikes

\16130\1\84681.1