UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MITCHELL CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) | 3:03CV0246(SRU) |
| | ) | |
| MAIN ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | April 27, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO AMEND JOINT PRE-TRIAL ORDER**

The Plaintiff Mitchell Campbell respectfully submits this memorandum of law in opposition to Defendant Main Enterprises, Inc.'s ("Main Enterprises") Motion to Amend Joint Pre-Trial Order. In that motion, Main Enterprises seeks to amend the Joint Pre-Trial Order to add a former Main Enterprises' employee, Ray Green, to its witness list. Plaintiff opposes this proposed amendment for the following reasons: (1) Defendant has failed to demonstrate that failure to amend the Joint Pre-Trial Order would result in manifest injustice as required by Federal Rules of Civil Procedure ("FRCP") 16(e); and (2) the long delay in naming this new witness is unjustifiable, would unduly prejudice the Plaintiff, and is duplicative of other witnesses' testimony. Thus, the Defendant's motion should be denied.

**ARGUMENT**

I.   **THE DEFENDANT HAS FAILED TO SHOW THE MANIFEST INJUSTICE THAT WOULD RESULT FROM EXCLUDING THE WITNESS**

Under FRCP 16(e), a Joint Pre-Trial Order may be amended only if the failure to do so would result in a "manifest injustice." FRCP 16(e). The burden of demonstrating manifest injustice falls upon the party moving for modification. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1222 (10th Cir. 2000). Defendant has failed to clearly articulate what manifest injustice would result if Ray Green was excluded from testifying at trial. Defendant merely offers the conclusory statement that "[Ray Green's] testimony will be a crucial component of Main Enterprises' defense against plaintiff's claim that he was fired on account of his reserve activity, as opposed to being fired due to failings on the job of the sort observed by Mr. Green." Def. Mem. of Law at 4. However, this statement, standing alone, falls well short of demonstrating the "manifest injustice" that will occur if Ray Green cannot testify at trial.

Defendant has offered no factual basis in its Memorandum of Law for why the inclusion of Ray Green's testimony would significantly enhance its ability to present the merits of its case. In reality, exclusion of Ray Green's testimony will not be manifestly unjust to the Defendant because it will add no additional value to its case, while conversely its inclusion would unfairly prejudice the Plaintiff.

Significantly, this is not a case where Mr. Green was previously disclosed to the Plaintiff, but inadvertently the Defendant failed to include him on its witness list. Instead, Mr. Green's name was never disclosed, indeed never even mentioned in any discovery, until after the Joint Pre-Trial Order was filed. The Plaintiff has been denied not only the opportunity to depose Mr. Green, but even to contact or interview him because his identity was never disclosed - and to this day his address and telephone number have not been disclosed. Accordingly, Defendant's Motion to Amend the Joint Pre-Trial Order should be denied.

### A.     The Delay in Naming the Witness is Inexcusable

Under FRCP 26(a)(1)(A), the Defendant was required to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." The Defendant's May 20, 2003 FRCP 26(a) Initial Disclosures never disclosed the existence of Ray Green. Additionally, under FRCP 26(e), Defendant had a duty "to supplement or correct the disclosure or response to include information thereafter acquired." To this day, Defendant has never filed a supplemental disclosure to include Mr. Green. Defendant also failed to disclose Ray Green in its August 29, 2003 Response to Plaintiff's First Set of Interrogatories and Request For Production of Documents. Specifically, when asked in Interrogatory Number 17 to identify "each person acting on behalf of or employed by Defendant (excluding its attorney) who has

3

knowledge of or relating to the "after-acquired evidence" alleged in Defendant's Eight Defense", Main Enterprises did not list Ray Green.  Defendant's Response at 10, See Exhibit A.

Further, a Joint Pre-Trial Memorandum, pursuant to this Court's Pre-Trial Order entered on December 15, 2003, was filed by the parties on March 24, 2004.  In that Joint Pre-Trial Memorandum, the parties were required to disclose their respective list of witnesses.  The Defendant did not list Ray Green as a witness.

Now, with less than seven weeks until trial, the Defendant moves to add Ray Green as a witness, describing his potential testimony as "crucial."  Despite the fact that Ray Green was a former employee and despite it being over a year since the FRCP 26(a)(1) disclosures, Defendant claims that Mr. Green's name "only surfaced during the course of a recent interview." Def. Mem. of Law at 3-4.  Whatever the reason for this inexcusable delay, amending the Joint Pre-Trial Order this close to trial would be unfairly prejudicial to the Plaintiff and would not result in any manifest injustice to the Defendant.

As noted above, the Defendant disclosed this witness more than 14 months after the commencement of this action, six months after the close of discovery, and only approximately seven weeks before the June 7, 2004 trial date.  The Defendant claims that only recently did its President, Kenneth Oppedisano ("Oppedisano") recall that the "crucial witness, " Mr. Green, had worked with Campbell.  Def. Mem. of Law at 3-4. Defendant's sudden disclosure is unjustifiable given that Ray Green was a former employee of Main Enterprises, a small company with less

4

than 50 employees. (Oppedisano Dep. 26:14). Reasonable diligence by the Defendant, in particular Oppedisano, should have uncovered Ray Green's name well before discovery was completed. See Jacobs v. Agency Rent-A-Car, Inc., 145 F.3d 1430 (11th Cir. 1998) (upholding denial of plaintiff's motion to amend Pretrial Order to add an additional witness, in part because the witness worked at the same company as the plaintiff and was not difficult to find). This is especially true since Mr. Green is allegedly an eyewitness to the types of nonprofessional behavior at issue in this case and the crux of Main Enterprises' defense. Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338 (5th Cir. 2002), quoting, Trinity Carton Co. v. Falstaff Brewing Corp., 767 F.2d 184, 193 n. 13 (5th Cir. 1985) ("Even though amendment of the Pretrial Order may be allowed …. where …. the evidence and the issue were known at the time of the original pretrial conference, amendments may generally be refused"). Indeed, it is curious why Mr. Green's name never came up during preparation for Oppedisano's deposition, which was taken approximately eight months ago. Surely, Mr. Oppedisano's memory of such a "crucial" witness would have been jogged during the preparation for, if not as a result of, his deposition testimony. Oppedisano's alleged faulty memory cannot serve as a valid excuse for a delay of this length.

### B. The Plaintiff Will be Unfairly Prejudiced by the Addition of Another Witness

Despite Defendant's assertions to the contrary, Plaintiff will be unfairly prejudiced by the inclusion of Mr. Green this late in the proceedings. The Plaintiff flatly denies Defendant's assertion that the "Plaintiff was necessarily aware all along of Mr. Green's existence and the possibility he might serve as a witness." Def. Mem. of Law at 2. Plaintiff, in fact, does not know Mr. Green, nor does he remember Mr. Green ever working with him at Main Enterprises. Plaintiff's counsel was never given any indication by Defendant's counsel that Mr. Green would possibly be called as a witness in this case until approximately April 1, 2004, when Defendant's counsel contacted Plaintiff's counsel. Although Plaintiff's counsel was contacted, Defendant's counsel never provided Mr. Green's phone number, his address, or any other relevant contact information. Even in their current Motion to Amend, Defendant failed to provide the Plaintiff with Mr. Green's address and phone number.

Further, Defendant's assertion that there is no plausible claim of prejudice is preposterous. Discovery was long ago concluded in this matter. The scheduled trial date is June 7, 2004, less than seven weeks away. Plaintiff's counsel has been preparing its case for trial and did not anticipate the possibility of having to depose or cross-examine an additional witness it knows nothing about. It simply is unfair to put the Plaintiff in the position of having to incur the time and costs to investigate and possibly depose another witness (whose address and telephone

number are not disclosed) in such a short period of time before trial.  Defendant had ample opportunity since the inception of this case to review its personnel and other workplace records to uncover what witnesses it would need in formulating its defense.  Any possible oversights should have been cured long before the parties submitted their Joint Pre-Trial Order on March 24, 2004, a document the parties had over four months to properly craft.  Springing a new witness on the Plaintiff at this date is simply unfairly prejudicial.  See Grossman v. Quentin Medical Laboratory, Inc., 1995 WL 728429 (E.D.N.Y. 1995) at *2 (motion to amend Pre-Trial Order to substitute expert witness denied where discovery already complete in matter, trial date was less than two months away, and Pre-Trial Order had been executed by parties years ago); Spray-Rite Service Corp., v. Monsanto Co., 684 F.2d 1226 (7th Cir. 1982).

    **C.**    **The Witness' Testimony is Cumulative**

As part of its burden of showing that failure to amend the Pre-Trial Order would create "manifest injustice," the Defendant must articulate why it would be unable to fairly litigate the merits of its case if its motion were denied.  Main Enterprises' motion completely fails in this regard.  The Defendant states in its motion that Ray Green will testify concerning "conduct on Plaintiff's part that played a significant role in the termination decision at issue."  Def. Mem. of Law at 4.  This conduct includes alleged abandonment of worksites, drinking on the job, and theft of time.  However, in the Joint Pre-Trial Order, Defendant lists not one, not two, but at least six other witnesses that will testify about Campbell's inappropriate behavior, including his

7

alleged alcohol consumption,[1] absences from job worksites, and theft of time.  Joint Pre-Trial Order at 6-7.

      Thus, the exclusion of Ray Green will not hamper Defendant's ability to put on its defense and certainly no manifest injustice will result.  It is disingenuous for the Defendant to suggest that Ray Green's testimony is a "crucial component of Main Enterprises' defense against Plaintiff's claim."  Id.  Defendant apparently has lined up other witnesses who can testify about the same types of alleged behavior Campbell purportedly engaged in.  There is no need to amend the Joint Pre-Trial Order now just so the Defendant can add another witness who will essentially present the same testimony as the others.  See Spray-Rite Service Corp., 684 F.2d at 1245 (7th Cir. 1982) (finding that trial court did not abuse its discretion in refusing to amend Pre-Trial Order to add witness where prejudice "could be cured by the testimony of the other available, listed witnesses").

---

[1] Plaintiff has moved to preclude any evidence of Plaintiff's alleged alcohol use as irrelevant and unfairly prejudicial.

## **CONCLUSION**

For the foregoing reasons Defendant's Motion to Amend Joint Pre-Trial Order should be denied.

                                      THE PLAINTIFF,
                                      BY CUMMINGS & LOCKWOOD, LLC
                                      HIS ATTORNEYS


                                    By  /s/ Robert J. Sickinger
                                            Robert J. Sickinger (ct 18425)
                                            Four Stamford Plaza
                                            107 Elm Street
                                            Stamford, CT  06902
                                            (203) 327-1700

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND JOINT PRE-TRIAL ORDER has been served by hand delivery this 27th day of April, 2004, to:

>Lawrence Peikes, Esq.
>Wiggin & Dana LLP
>400 Atlantic Street
>P.O. Box 110325
>Stamford, CT  06911-0325

/s/   Robert J. Sickinger
Robert J. Sickinger