UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MITCHELL CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) | 3:03 CV 0246 (SRU) |
| | ) | |
| MAIN ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | April 27, 2004 |

**REPLY MEMORANDUM OF LAW
<u>IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE</u>**

Plaintiff Mitchell Campbell ("Campbell") respectfully submits this memorandum of law in reply to Defendant's Opposition to Plaintiff's Motion In Limine dated April 14, 2004. The Defendant's Opposition to Plaintiff's Motion In Limine is without merits for the following reasons. First, as a procedural matter, Defendant's Opposition to Plaintiff's Motion in Limine is untimely and therefore should be disregarded by the Court. Second, Defendant's argument that Plaintiff's Motion in Limine attempts to strike at the evidence "in shotgun fashion" is unfounded. Plaintiff's Motion seeks to exclude only portions of evidence that are either irrelevant to this case or are so unfairly prejudicial that their exclusion is warranted. Accordingly, Plaintiff's Motion In Limine should be granted.

# ARGUMENT

**I.     DEFENDANT'S OPPOSITION IS UNTIMELY AND SHOULD NOT BE CONSIDERED BY THE COURT**

On December 15, 2003, the Court (Underhill, J.) issued an Order requiring the parties to file a Joint Trial Order by February 27, 2004.  The parties subsequently moved for an extension of time until March 24, 2004 to file their Joint Trial Order.  The Court's Order also required that the parties file any motions in limine concurrently with the Joint Trial Order.  Both the Plaintiff and Defendant complied with this order by filing motions in limine on March 24, 2004.  The Court's Order also specifically required that "[a]ny memorandum in opposition to a motion in limine shall be filed within seven (7) days after the filing of the motion."  Order 12/15/03 at ¶ 12.  Defendant's Opposition was filed on April 14, 2004, well past the seven day deadline mandated by the Court.  The Plaintiff complied with the Court's Order by timely filing its Memorandum In Opposition To Defendant's Motion In Limine on March 31, 2004.  Both parties should be held to the same rules and filing deadlines, especially when they are clearly and unambiguously established by Court Order.  Therefore, as a procedural matter, Defendant's Opposition to Plaintiff's Motion in Limine should be disregarded by this Court.

II.     **PLAINTIFF'S ALCOHOL USE, INCARCERATION AND DRIVER'S LICENSE SUSPENSION ARE IRRELEVANT**

    A.     <u>**Evidence of Alcohol Use Should Be Excluded**</u>

The Defendant's Memorandum In Opposition completely misses the mark regarding the admissibility of evidence of Plaintiff's alleged alcohol use. Defendant argues that Plaintiff's Motion in Limine goes to the "weight and credibility" of the evidence. Def. Opp. Mem. at 3. However, Defendant has maintained throughout this lawsuit that it fired Campbell because of his alleged poor job performance, his theft of materials and his abandonment of job worksites. Main Enterprises has **<u>never</u>** claimed that Campbell's purported alcohol use played any role whatsoever in its decision to terminate him. (Oppedisano Dep. 23:2-20, 84:4-16, 98:9-99:2, attached hereto as Exhibit A). Indeed, when Defendant's president was asked at his deposition about the reasons for Campbell's dismissal, he never once mentioned that alleged alcohol use played any role. Id. Therefore, any evidence of alcohol consumption should be excluded on relevancy grounds. Defendant is free to argue at trial that it fired Campbell from his position because of his poor work performance, abandoned jobs, etc., but there simply is no relevant reason for the jury to hear evidence of Plaintiff's alleged alcohol use.

Further, Defendant argues the alcohol use is relevant for the issue of its motivation for firing the Plaintiff. Def. Opp. Mem. at 3. Main Enterprises may avoid liability under USERRA if it can demonstrate that it would have made the same decision without regard to the employee's

3

protected status, on the basis of another legitimate reason.  Sanguinetti v. UPS, Inc., 114 F.Supp. 2d 1313 (S.D. Fla. 2000), aff'd, 254 F.3d 75 (11th Cir. 2001).  However, under USERRA, Main Enterprises' "motivating factor" for its adverse employment action is measured at the moment of its employment decision.  Robinson v. Morris Moore Chevrolet-Buick, Inc., 974 F.Supp. 571 (E.D. Tex. 1997).  Here, the alleged alcohol use was unknown to Oppedisano when he ultimately made the decision to terminate Campbell.  (Oppedisano Dep. 23:2-20, 84:4-16, 98:9-99:2).  Simply put, if the Defendant did not have knowledge of Plaintiff's alleged alcohol use at the time it terminated him, it cannot be relevant on the issue of Defendant's motivation.  Accordingly, evidence of the alleged alcohol is irrelevant to the issue in dispute in this case.

      Additionally, Defendant's claims that Oppedisano received reports from subordinate managers concerning Plaintiff's alleged alcohol use on the job.  Def. Opp. Mem. at 3.  In fact, what Defendant refers to is one conversation that Oppedisano had with Robert Cahn.  As a preliminary matter, any statements Robert Cahn made to Oppedisano would be hearsay since they would be offered to prove the truth of the matter asserted, i.e., Plaintiff drank on the job.  Secondly, in that conversation, Robert Cahn told Oppedisano that he could not prove whether Campbell was drinking or not.  And, Oppedisano freely admitted that he did not fire Campbell for any purported drinking.  (Oppedisano Dep. 84:4-16).  Thus, there is no basis for this evidence to be admitted.

In sum, the Defendant has failed to demonstrate how the evidence of the Plaintiff's alleged alcohol use is relevant to any of the issues in the case.  Clearly, the Defendant wants to admit this evidence to paint the picture of the Plaintiff as a bad character.  Such evidence, however, has no probative value to any of the material issues in dispute, and should be excluded for this reason alone.

      B.    **Evidence of Incarceration Should Also Be Excluded**

Defendant again misstates Plaintiff's position when it argues that the Plaintiff is seeking to exclude this "vital evidence." Def. Opp. Mem. at 4.  Plaintiff does not seek to exclude the fact that he had left employment from Main Enterprises in June 2000 and that he was rehired by the company when he returned in August 2000.  Plaintiff only seeks exclusion of the incarceration itself, on the grounds that it is both irrelevant, unfairly prejudicial and is improper character evidence..  The Defendant, contrary to its claim, will still be able to argue that it favorably treated Campbell by rehiring him only two months after he left.  The Defendant would only be barred from stating that Plaintiff was incarcerated during his absence from Main Enterprises.

The only plausible explanation for Defendant's persistence in admitting evidence of Plaintiff's incarceration is to use it as character evidence against the Plaintiff.  However, under Federal Rules of Evidence ("FRE") 404(b), evidence of crimes, wrongs or acts are generally not admissible to prove the character of a person in order to show conformity therewith.  This is especially the case with civil actions.  See Weinstein's Federal Evidence, 2d ed. § 404.11[1]

5

(2004); Pinkham v. Maine Cent. R.R. Co., 874 F.2d 875, 879-80 (1st Cir. 1989) (testimony pertaining to plaintiff's previous drug use likely violated FRE 404(b)); Mosser v. Fruehauf Corp., 940 F.2d 77, 81 (4th Cir. 1991) (prior citations of plaintiff for speeding in civil tractor crash case inadmissible under FRE 404(b)).  Here, the only purpose the introduction of evidence of Plaintiff's incarceration would serve would be as improper character evidence.  The Defendant can effectively argue it favorably treated the Plaintiff by rehiring him after his brief interruption of employment without mentioning the incarceration.  Accordingly, the incarceration should be excluded.

       **C.**    **Evidence of Driver's License Suspension Should Also Be Excluded**

For reasons similar to the incarceration, evidence of the reason for Plaintiff's driver's license suspension is wholly irrelevant.  The Defendant should not be permitted to introduce evidence that the Plaintiff's driver's license was suspended because of a misdemeanor offense relating to driving under the influence of alcohol.  Its only possible purpose in this case would be as character evidence, which is impermissible under FRE 404(b).  Thus, this evidence should also be excluded.

**III.**    **PLAINTIFF'S ALCOHOL USE, INCARCERATION AND DRIVER'S LICENSE SUSPENSION ARE UNFAIRLY PREJUDICIAL**

Defendant correctly points out that under FRE 403, evidence can be excluded if it is unfairly prejudicial to one party or another. Def. Opp. Mem. at 2.  "The unfairness contemplated

involves some adverse effect beyond tending to prove a fact or issue that justifies admission." Cosentino v. David M. Herzog, M.D., P.C., 203 F.3d 164 (2d Cir. 2000). Defendant wrongly asserts, however, that Plaintiff has failed to cite any "extraneous adverse effect" from this evidence. Def. Opp. Mem. at 2.

      Plaintiff has previously articulated a number of reasons why unfair prejudice will result if the alcohol use, incarceration and license suspension are placed into evidence. Indeed, the reasons why evidence of alleged alcohol use is unfairly prejudicial are self evident. . First, the evidence may unnecessarily arouse the jury's emotions of prejudice or hostility towards the Plaintiff. Second, the evidence will distract the jury's attention from the central issue in this case, whether the Defendant violated USERRA by terminating the Plaintiff. Third, it may unfairly cause the jury to question Campbell's credibility. Clearly, the issue of alcohol use/abuse is controversial in our society and can cause strong emotional reactions in individuals.

      Here, Defendant inappropriately seeks through this evidence to put Campbell's character on trial. Under FRE 403, this clearly qualifies as being unfairly prejudicial to the Plaintiff and should be excluded. See Hays v. Continental Assurance Co., 831 F.2d 1063 (6th Cir. 1987) (instances of alcohol use by employee in age discrimination case inadmissible under FRE 403 because risk of unfair prejudice outweighed probative value. Employer had been discharged for improper dealings with another company, not for any alleged drinking problem); U.S. v. Czuprynski, 65 F.3d 169 (6th Cir. 1995) (evidence of prior drug use inadmissible to show

knowing possession of marijuana);  Alexander v. CIT Technology Financing Services, Inc., 217 F.Supp.2d 867 (N.D. Ill. 2002) (probative value of supervisors' alleged use of alcohol outweighed by unfair prejudice in employee's age discrimination case).

This case is about whether the Defendant improperly terminated the Plaintiff under USERRA.  The Defendant has never claimed that the termination related in any way to alleged alcohol use.  Thus, such evidence has no probative value and it strains credulity for the Defendant to claim such evidence would have no prejudicial effect on the jury.  This evidence must be excluded for the Plaintiff to receive a fair trial of his USERRA claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine should be granted.

>THE PLAINTIFF,
>BY CUMMINGS & LOCKWOOD, LLC
>HIS ATTORNEYS
>
>By   /s/  Robert J. Sickinger
>      Robert J. Sickinger (ct 18425)
>      Four Stamford Plaza
>      107 Elm Street
>      Stamford, CT  06902
>      (203) 327-1700

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE has been served by hand delivery this 27th day of April, 2004, to:

> Lawrence Peikes, Esq.
> Wiggin & Dana LLP
> 400 Atlantic Street
> P.O. Box 110325
> Stamford, CT  06911-0325

> /s/  Robert J. Sickinger
> Robert J. Sickinger

.StmLib1:1057445.1 04/27/04