# EXHIBIT A

UNITED STATES DISTRICT COURT
STATE OF CONNECTICUT
DISTRICT OF BRIDGEPORT

* * * * * * * * * * * * * *
MITCHELL CAMPBELL,                *
    PLAINTIFF,                    *
                                  *   CIVIL ACTION NO.
VS.                               *   303 CV-0246 (SRU)
                                  *
MAIN ENTERPRISES, INC.,           *
    DEFENDANT.                    *   SEPTEMBER 24, 2003
* * * * * * * * * * * * * *


    Deposition of **KENNETH OPPEDISANO**, taken pursuant to the Federal Rules of Civil Procedure, at the law offices of Cummings & Lockwood, LLC, 700 State Street, New Haven, Connecticut, before Ann W. Friedman, Notary Public in and for the State of Connecticut, on Wednesday, September 24, 2003, commencing at 10:19 a.m.


# ORIGINAL

Ann W. Friedman, License No. 91

DEL VECCHIO REPORTING SERVICES, LLC
PROFESSIONAL SHORTHAND REPORTERS

117 RANDI DRIVE              100 PEARL STREET, 14th FLOOR
MADISON, CT  06443           HARTFORD, CT  06103-4506
(203) 245-9583                  (800) 839-6867
            FAX:   (203) 245-2760

1      A.    No.

2      Q.    At any point in time, did you get

3 information that Mitch was abusing alcohol on the job?

4      A.    No.

5            MS. CONLON:  Could you read me back

6      the last two questions and answers, please?

7            (The record was read.)

8            MR. PEIKES:  In the question, was the

9      word "using" or "abusing"?

10           THE REPORTER:  "Abusing."

11 BY MS. CONLON:

12     Q.    So, as you sit here today, you have no

13 evidence that Mitch was abusing alcohol on the job?

14     A.    I do not.

15     Q.    Have any evidence?  You do not have any

16 evidence?

17     A.    I do not have any evidence.

18     Q.    Okay.  Do you have any evidence that Mitch

19 was using alcohol on the job?

20     A.    I do not have any evidence of that.

21     Q.    If we go back to Exhibit A, it talks about

22 peer reviews semiannually; May and December.  Did that

23 happen?

24     A.    Exhibit what?

25     Q.    Exhibit A.

```
 1      A.    No.

 2      Q.    Did you talk to Pat Rause about it?

 3      A.    I don't believe so.

 4      Q.    Why did you terminate him?

 5      A.    For several reasons.

 6      Q.    And those reasons are?

 7      A.    Shoddy workmanship; abandoning a job,
 8  plural.

 9      Q.    Abandoning jobs?

10      A.    (Moves head up and down.)  And taking
11  materials from our facility.

12      Q.    Okay.  We'll go there now.  I think --

13      A.    Would you like me to continue?

14      Q.    Sure.

15      A.    And taking materials from others'
16  facilities.  And that's it.

17      Q.    What materials were taken from your
18  facility?

19      A.    There was a bench that we had purchased --
20  a table, a workbench that we had purchased that was in
21  our possession, in our facility, that was not there one
22  day when I went to go get it.  So it was a bench.

23      Q.    And how do you know that Mitch took it?

24      A.    Because I inquired.

25      Q.    From whom?
```

```
 1          A.   What was the question again?
 2     BY MS. CONLON:
 3          Q.   Do you have any factual underpinnings to
 4     that?
 5          A.   To what?
 6          Q.   To the claim that, "Plaintiff has failed to
 7     satisfy all statutory prerequisites to the suit"?
 8          A.   I'm not sure.
 9          Q.   You have a fourth special defense that
10     states, "If plaintiff's Reserve status was in any way a
11     motivating factor in the decision to terminate his
12     employment, and defendant expressly denies this was not
13     the case, the same decision would nevertheless have
14     been made on the basis of legitimate non-discriminatory
15     business reasons."  Other than shoddy workmanship,
16     abandoning the job at Family Services and Cort
17     Furniture, taking materials from your facility and
18     taking materials from the facility at 400 Long Beach
19     Boulevard, do you have any other factual reasons that
20     you would have terminated Mitch Campbell for?
21          A.   Now?
22          Q.   Sure.
23          A.   No.
24          Q.   Then?
25          A.   No.
```

```
 1        Q.    Ever?

 2        A.    No.

 3        Q.    Okay.

 4        A.    Factual.

 5        Q.    Factual basis.  Do you have any legal

 6   basis --

 7              MR. PEIKES:  Objection to the form.

 8   BY MS. CONLON:

 9        Q.    -- that you know of that we haven't talked

10   about?

11        A.    I'm not quite sure.

12        Q.    Is that based on the allegations that

13   you've heard about him drinking on the job?

14        A.    I'm not sure.

15        Q.    Would they be based on anything else?

16        A.    Possibly.

17        Q.    What would they be based on?

18        A.    At this point in time, I don't know.

19        Q.    You claim in your fifth special defense

20   that, "The plaintiff's claims are barred by the

21   applicable statute of limitations."  Do you have any

22   factual underpinnings to support that?

23        A.    I'm not sure.

24              MR. PEIKES:  Objection to the form.

25              It's calling for a legal conclusion.
```

DEL VECCHIO REPORTING SERVICES, LLC