UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------- X
MITCHELL CAMPBELL,                            :
                                              :   DOCKET NO. 3:03CV0246(SRU)
                    Plaintiff,                :
                                              :
v.                                            :
                                              :
MAIN ENTERPRISES, INC.,                       :
                                              :   MAY 4, 2004
                    Defendant.                :
---------------------------------------------------------- X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO AMEND JOINT PRE-TRIAL MEMORANDUM

In opposing defendant's motion to amend the Joint Pre-Trial Memorandum submitted by the parties on March 24, 2004, plaintiff largely ignores the factors trial courts have been directed to consider in ruling on such requests, namely "(1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party." Dunlap-McCuller v. Riese Organization, 980 F.2d 153, 158 (2d Cir. 1992).

Indeed, while plaintiff claims he would be prejudiced by allowance of the proposed amendment adding Mr. Green to defendant's witness list, he does not dispute that any such prejudice is readily curable since there is plenty of time in advance of the June 7, 2004 trial date for plaintiff, with approval of the Court, to depose Mr. Green. Nor does plaintiff dispute that inclusion of Mr. Green as a witness will in no way prove disruptive to the trial. And, while plaintiff hints at a belief that defendant's failure to previously disclose Mr. Green as a potential witness was tainted by bad faith, he points to no evidence suggesting the lapse was anything other than wholly inadvertent. Ironically, plaintiff acknowledges he could not recall Mr. Green,

with whom he worked directly on at least two projects spanning the course of several months, yet suggests Mr. Oppedisano's inability to identify Mr. Green earlier was somehow intentional.

Rather than address three of the four relevant considerations, plaintiff, in addition to claiming prejudice, cites three objections to defendant's motion, none of which are legally or factually compelling.

**First**, plaintiff avers that: "Under FRCP 16(e), a Joint Pre-Trial Order may be amended only if the failure to do so would result in a 'manifest injustice.'" (Pltf's Brief at p. 2). This is more or less true so far as it goes. Specifically, Rule 16(e) provides that: "The *order* following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e) (Emphasis added).

Here, the only *order* entered by the Court is the Minute Entry, dated March 24, 2004, scheduling jury selection for May 13, 2004, and trial for June 7, 2004. To date, the parties' Joint Pre-Trial Memorandum has not been endorsed as an Order of the Court. See D. Conn. L. Civ. R. 16(d) ("A pretrial order may be prepared by the Court and sent to counsel for each party subsequent to the conference, or the Court may require counsel for one of the parties to prepare a proposed written order for consideration and entry by the Court."). The "manifest injustice" standard is therefore inapplicable.

Nevertheless, even were the "manifest injustice" standard controlling, it would not preclude amendment of the Joint Pre-Trial Memorandum in this case. In the first place, Mr. Green is the only available witness who can testify about certain specific acts of misconduct on plaintiff's part. To preclude defendant from calling Mr. Green would, therefore, constitute "manifest injustice." Furthermore, "[i]f the moving party has not demonstrated that manifest injustice will result without amendment, then '[i]t is within the district court's 'discretionary power' to allow for amendment of a pretrial order.'" Pharmaceutical Sales and Consulting Corp.

2

v. J.W.S. Delavau Co., Inc., 59 F. Supp. 2d 408, 412 (D.N.J. 1999)(Citations omitted). As demonstrated in defendant's opening brief, and as discussed below, the pertinent factors to be considered by the Court in exercising its "discretionary power" plainly favor allowance of the amendment.

**Second**, plaintiff characterizes the delay in identifying Mr. Green as "inexcusable." Unless the failure to earlier disclose was willful, however -- and, as noted, there is no evidence such was the case -- it is immaterial whether there exists a legitimate explanation for the delay as that is not a factor identified by the Second Circuit as relevant to the analysis. Even so, plaintiff rests his claim that the failure to previously disclose Mr. Green was "inexcusable" entirely on the fact of delay. Merely because Mr. Green was not identified in defendant's initial disclosures, or during depositions, does not render the non-disclosure inexcusable. It is hardly surprising that Mr. Oppedisano, like plaintiff, was, until recently being reminded by a former employee, unable to recall the fact that Mr. Green worked with plaintiff on a pair of projects some four years ago. Securities and Exchange Comm. v. U.S. Environmental, Inc., 2002 WL 31357809, at *3-4 (S.D.N.Y. Oct. 17, 2002)(granting motion for leave to amend pre-trial order to add witnesses to testify about recently discovered fraudulent activities).

**Third**, plaintiff claims he would be unfairly prejudiced by amendment of defendant's witness list because his "counsel has been preparing its case for trial and did not anticipate the possibility of having to depose or cross-examine an additional witness it knows nothing about." (Pltf's Brief at p. 6). Under the circumstances, this contention rings hollow. Thus, at the time defendant's counsel initially disclosed its intention to seek leave to add Mr. Green as a witness, and agreed to make him available for a deposition without the need for a subpoena, which was, plaintiff concedes, on or about April 1, 2004, trial was still some nine weeks away. (See Pltf's Brief at p. 6). This is more than ample time for plaintiff to prepare his cross-examination of Mr.

Green. <u>Palace Exploration Co. v. Petroleum Development Co.</u>, 316 F.3d 1110, 1117-18 (10th Cir. 2003)(trial court abused its discretion by denying motion for leave to amend pre-trial order to add gross negligence claim where defendant had "at least seventeen days of notice ..."). The undeniable fact of the matter is that "the motion to amend was filed long before commencement of trial and does not include any surprising or novel legal theories or factual evidence." <u>Lentz v. Mason</u>, 32 F. Supp. 2d 733, 739 (D.N.J. 1999).

**Fourth**, and in direct contravention of his claim that nine weeks is insufficient time to prepare to cross-examine Mr. Green, plaintiff asserts that Mr. Green's testimony would be redundant. Whether or not testimony is duplicative is a matter to be determined at trial, upon an offer of proof. In any event, plaintiff's redundancy argument is premised on the erroneous assumption that Mr. Green will be testifying about the same instances of on-the-job drinking and neglect of duties as Jim Hunter. In fact, Mr. Green and Mr. Hunter will be called to testify concerning different instances of misconduct on plaintiff's part. There is no redundancy.

For the foregoing reasons, and for the reasons stated in defendant's moving papers, the instant motion to amend the Joint Pre-Trial Memorandum to include Mr. Green on defendant's witness list should be granted.

Respectfully submitted,

THE DEFENDANT,
MAIN ENTERPRISES, INC.

_____
Lawrence Peikes (ct 07913)
lpeikes@wiggin.com
Wiggin and Dana LLP
Its Attorneys
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
(203) 363-7600
(203) 363-7676 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on May 4, 2004, I caused the foregoing Reply Memorandum of Law in Further Support of Defendant's Motion to Amend Joint Pre-Trial Memorandum to be served by first-class U.S. mail, postage prepaid, on:

>Robert J. Sickinger, Esq.
>Cummings & Lockwood LLC
>107 Elm Street
>Stamford, CT 06902

_____
Lawrence Peikes

\16130\1\86540.1

5