UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------ X
MITCHELL CAMPBELL,                              :
                                                :    DOCKET NO. 3:03CV0246(SRU)
                              Plaintiff,        :
                                                :
v.                                              :
                                                :
MAIN ENTERPRISES, INC.,                         :
                                                :    MAY 4, 2004
                              Defendant.        :
------------------------------------------------------------ X

### DEFENDANT'S FILE SUR-REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Defendant Main Enterprises, Inc. ("defendant" or "Main Enterprises") submits this Sur-Reply Brief to succinctly address points raised by plaintiff for the first time in the reply memorandum of law filed in support of his motion in limine seeking to exclude crucial evidence in the above-captioned case. The instant sur-reply is confined to a discussion of new matters, and does not speak to issues and arguments already briefed.

**I.    Timeliness**  As a threshold matter, plaintiff asks the Court to discard defendant's opposition brief as untimely filed, claiming that under the Scheduling Order any such opposition was required to be submitted within seven (7) days of the date of plaintiff's motion in limine, or April 2, 2004. According to the docket entry recording the filing of plaintiff's motion in limine (No. 21), however, defendant's response was "due by 4/14/2004." Relying on this docket entry, defendant filed its opposition papers with the Court on April 14, 2004. Defendant's reliance on the docket entry was eminently reasonable.

In any event, no prejudice inured to plaintiff as a consequence of any perceived delay in the filing of defendant's opposition papers. The trial in this matter is not scheduled to commence

until June 7, 2004, leaving the Court plenty of time to consider plaintiff's motion. Indeed, plaintiff does not even claim to have been prejudiced; he is simply looking to prevent defendant from being heard as to evidentiary matters that are fundamental to Main Enterprises' defense in this case. As plaintiff tacitly admits, there is no logistical or substantive reason for the Court not to consider defendant's opposition papers in ruling on the critical issues raised by plaintiff's motion in limine.

II.     **Alcohol Use**  Plaintiff's effort to preclude defendant from introducing evidence concerning his use of alcohol on the job is marred by two significant misstatements, one of fact and one of law.

As a factual matter, plaintiff mischaracterizes the record in proclaiming that "the alleged alcohol use was unknown to Oppedisano when he ultimately made the decision to terminate Campbell." (Pltf's Reply Brief at p. 4). Mr. Oppedisano actually testified he had no concrete proof plaintiff was drinking on the job, not that this possibility was unknown to him. Indeed, plaintiff readily acknowledges in the ensuing paragraph of his reply brief that Mr. Oppedisano testified as to having been informed by at least one Main Enterprises manager, Robert Cahn, about plaintiff's alcohol usage during work hours.

Plaintiff contends, however, that "any statements Robert Cahn made to Oppedisano would be hearsay since they would be offered to prove the truth of the matter asserted, i.e., Plaintiff drank on the job." (Pltf's Reply Brief at p. 4). This is where plaintiff's legal analysis goes astray -- defendant would not be offering Mr. Oppedisano's testimony regarding the report he received from Mr. Cahn (and others) to prove plaintiff actually consumed alcohol during the work day; rather, the proffer is made to show that such information, true or false, was imparted to Mr. Oppedisano and relied upon by him. Los Angeles News Service v. CBS Broadcasting,

Inc., 305 F.3d 924, 935 (9th Cir. 2002)("Out-of-court declarations introduced to show the effect on the listener are not hearsay.")(Citation omitted); Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 383 (3d Cir. 2002)("The District Court allowed Hermann to testify about what the doctor allegedly said about Rinehimer's condition because the testimony explained why Hermann did not allow Rinehimer to return to his job as a working foreman and wear a respirator. As such, the statement is not hearsay because it was not offered to prove that Rinehimer could not wear a respirator.").

Plaintiff can certainly attempt to attack the credibility of Mr. Oppedisano's testimony as to the role plaintiff's on-the-job alcohol use played in the decision to terminate his employment, but there is no basis for a wholesale exclusion of evidence on the point.

**III. Incarceration**    Contrary to plaintiff's contention, defendant is not seeking to exploit "evidence of Plaintiff's incarceration [] to use it as character evidence against the Plaintiff." (Pltf's Reply Brief at p. 5). Rather, as noted in defendant's opposition papers, evidence that Mr. Oppedisano agreed to re-hire plaintiff after a period of incarceration, with full knowledge of his reserve obligations, is directly relevant to the ultimate issue of intent.

Plaintiff's self-serving suggestion that "Defendant can effectively argue it favorably treated the Plaintiff by rehiring him after his brief interruption of employment without mentioning the incarceration" (Pltf's Reply Brief at p. 6) completely ignores the reality of the situation. First of all, the jury will undoubtedly want to know what happened to plaintiff during that three-month period. Second, and more importantly, there is independent significance to the fact that plaintiff's absence was due to his incarceration -- it obviously shows that Mr. Oppedisano harbored a particular affinity toward plaintiff that is wholly inconsistent with plaintiff's contention that he was fired for illicit reasons.

y

Indeed, given the nature of this case, it is distinctly possible that, were there no explanation for plaintiff's absence, the jury may simply (and logically) assume plaintiff was tending to some military obligation, such that defendant had no choice but to bring plaintiff back. Unless the jury is permitted to hear evidence as to the actual reason for plaintiff's extended absence, the fact that plaintiff was re-employed by defendant would be meaningless and its evidentiary force as to the central issue of intent completely negated.

**IV.   DUI**   Evidence that plaintiff's driver's license was suspended as a result of a DUI offense will not be offered to impugn plaintiff's character, but rather may be introduced by defendant through cross-examination for impeachment purposes, as expressly sanctioned by Fed. R. Evid. 608(b). Lovejoy-Wilson v. Noco Motor Fuels, Inc., 242 F. Supp. 2d 236, 250 (W.D.N.Y. 2003)(evidence that ADA plaintiff filed a charge of discrimination against a prior employer, although inadmissible "as substantive proof of conduct in conformity therewith" may be introduced as "proof of intent or to challenge a witness's credibility on cross-examination.")(Citations omitted).

        Respectfully submitted,

        THE DEFENDANT,
        MAIN ENTERPRISES, INC.

        _____
        Lawrence Peikes (ct 07913)
        lpeikes@wiggin.com
        Wiggin and Dana LLP
        Its Attorneys
        400 Atlantic Street
        P.O. Box 110325
        Stamford, CT  06911-0325
        (203) 363-7600
        (203) 363-7676 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on May 4, 2004, I caused a copy of the foregoing Defendant's Sur-Reply Brief in Opposition to Plaintiff's Motion In Limine to be served by first-class U.S. mail, postage prepaid, on:

>Robert J. Sickinger, Esq.
>Cummings & Lockwood LLC
>107 Elm Street
>Stamford, CT 06902

_____
Lawrence Peikes

\16130\1\86521.1